**FEDERAL DEPOSIT INSURANCE CORPORATION, assignee and substitute for Continental Illinois National Bank and Trust Company of Chicago, a national banking association, Plaintiff,**

**v.**

**Tasker O. GENERES and Dorothy Generes, Defendants.**

**Tasker O. GENERES and Dorothy Generes, Counterplaintiffs,**

**v.**

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Counterdefendant.**

**No. 86 C 7911.**

United States District Court,
N.D. Illinois, E.D.

Dec. 11, 1986.

Stone & Hughes, Chicago, Ill., for plaintiff.

Tasker O. Generes, Northbrook, Ill., pro se.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Tasker and Dorothy Generes ("Genereses") move to remand this action, in which Federal Deposit Insurance Corporation ("FDIC") is substituted plaintiff, to the Circuit Court of Cook County, Illinois. For the reasons stated in this memorandum opinion and order, the motion is granted.

This action was originally brought December 20, 1979 (sic) by Continental Illinois National Bank and Trust Company of Chicago ("Continental Bank"), suing Genereses on an $88,000 promissory note (the "Note"). Why the action has languished seven years in the state court is unknown

to this Court,[1] but FDIC's removal Petition alleges:

    3. On September 24, 1984 CONTINENTAL BANK transferred to the FDIC all of CONTINENTAL BANK's right, title and interest in and to the Note, and all claims against the defendants relating thereto.

    4. On October 7, 1986 on the joint motion of FDIC and CONTINENTAL BANK, the Circuit Court ordered that FDIC be substituted as a party for and instead of CONTINENTAL BANK with respect to the claim previously asserted against the defendants in CONTINENTAL BANK's complaint.

Congress has decided every action by FDIC on an obligation it has purchased for value is a federal-question action for removal purposes. 12 U.S.C. § 1819 Fourth ("Section 1819 Fourth"); and see *FDIC v. Elefant*, 790 F.2d 661, 665–66 (7th Cir. 1986), distinguishing such actions from FDIC suits on claims acquired by it as receiver for a failed state bank. But removability is not the question—its timeliness is. And neither the litigants nor this Court have or has been able to locate any case deciding *when* such removal at FDIC's instance should take place to satisfy the timeliness requirement exemplified by 28 U.S.C. § 1446(b) as to any removal by a defendant:[2]

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

To be sure, *FDIC v. Otero*, 598 F.2d 627, 633 n. 7 (1st Cir.1979) labeled as "frivolous" the argument that the removal time-clock for a *defendant* sued by FDIC can begin before FDIC actually comes into an already-pending lawsuit. But that result is really compelled by the second paragraph of Section 1446(b), unless the words "other paper" were impermissibly distorted to include a communication entirely separate from the litigation—such as the extrajudicial notice of assignment referred to in *Otero*. Where, as here, the removing party is the *plaintiff*, the literal language of Section 1446(b) is simply inapplicable.

That however, is not determinative. After all, FDIC's power of removal, Section 1819 Fourth, speaks of its "following any procedure for removal now or hereafter in effect," thus incorporating all the provisions of both the Title 28 removal statutes and their relevant case law.

Accordingly this Court cannot simply ignore the purposes of Section 1446(b), as set out in *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d

---

**1.** FDIC's removal Petition attached copies of only:
    1. the original summons and complaint (including the Note as an exhibit) and
    2. the October 17, 1986 Amendment to the Complaint (including as exhibits the September 26, 1984 endorsement of the Note to FDIC and the contemporaneous "Conveyance" by which Continental Bank assigned to FDIC some billions of dollars in loans and related notes, including the Note).
None of the intervening pleadings, including Genereses' counterclaim indicated by the case caption, was included. In any event, however, none of the time elapsed before FDIC became the real party in interest is relevant to the current issues.

**2.** Further citations to the removal statutes will simply take the form "Section—," referring to the Title 28 numbering. That should cause no confusion with this opinion's references to FDIC's removal statute as "Section 1819 Fourth" (though that statute appears in Title 12)—the numbering is very different.

**68**

962, 965 (7th Cir.1982)), by imposing *no* time limitation at all on FDIC's right to remove:

> The purpose of the 30–day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

That might well have been written for this case. Both those purposes would be completely subverted were FDIC able to remove to federal court now, after what has in effect been a two-year delay. After all, FDIC became the real party in interest to the Note back in September 1984 when Continental Bank transferred its right, title and interest in the Note to FDIC. In fact the Note itself was assigned to FDIC, which thus became not only its *owner* but its *holder* in Uniform Commercial Code terms (Ill.Rev.Stat. ch. 26, ¶ 3–301). Accordingly FDIC acquired the right at that time to sue in its own name to recover on the Note (*id.* and Ill.Rev.Stat. ch. 17, ¶ 603). Indeed this Court has been unable to ascertain the state law basis on which Continental Bank continued to maintain the suit in its own name after the assignment.[3]

FDIC has suggested no reason why, if it wished to litigate its claim in federal court, it could not have sought removal within the 30–day period—or some other short time span—after it acquired the power to do so in 1984. For example, in *O'Neil v. Continental Illinois National Bank and Trust Company of Chicago*, No. 84 C 9398, slip op. (N.D.Ill. Mar. 27, 1986) [Available on WESTLAW, DCTU database], FDIC also acquired the right, title and interest in a note from Continental Bank September 26, 1984, moved to intervene in Continental Bank's state court suit October 3, 1984 and then filed a petition for removal to federal court October 29, 1984.

Genereses accuse FDIC of timing the current removal because of the imminence of a state court ruling on summary judgment set for November 26. This Court need not inquire into whether FDIC or its counsel are in fact playing fast and loose with the justice system in that fashion. With or without that factor, FDIC suggests no compelling reason for its more than two-year delay in exercising its right to seek removal. This Court cannot now permit FDIC to remove simply because it has become tactically advantageous to do so. That would not only be unfair to Genereses, but it would also be a complete waste of the state court's and this Court's resources.

This Court finds the principles underpinning Section 1446(b) compel the conclusion that FDIC, even though a plaintiff, may not exercise its right to remove to federal court after the unreasonable delay evidenced here. Alternatively FDIC, by having litigated the action vigorously in the state courts for a full two years after it became the real party in interest, with Continental Bank simply doing its bidding as its "administrator"—its nominee—must be held to have waived its right of removal under well-established principles (see, e.g., discussion in *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F.Supp. 1476, 1479–80 (C.D.Ill.1984) and *Harris v. Brooklyn Dressing Corp.*, 560 F.Supp. 940,

**3.** Among Genereses' materials in support of their motion to remand are two letters (Exs. B and C–1) on Continental Bank's letterhead to the counsel then representing it (and now representing FDIC) in this case. Each is a form letter obviously generated in bulk in early 1985, confirming the law firm's being retained by "Continental Bank, as administrator for the Federal Deposit Insurance Corporation." Ex. B also says:

> As you are aware, the above loan has been transferred to the Federal Deposit Insurance Corporation.

And among the "developments" on which counsel were instructed to inform Continental Bank in Ex. C–1 were "any ... pleadings or documents you believe to be of special significance, including ... documents dealing with federal law issues, such as ... removal to federal court...."

942 (S.D.N.Y.1983); but see *FDIC v. First Mortgage Investors*, 459 F.Supp. 880, 882 (E.D.Wis.1978) (alternative holding, because FDIC removed within 30 days after defendant filed counterclaim, thus independently triggering FDIC's removal right under Section 1819 Fourth)).

### Conclusion

This action "was removed improvidently and without jurisdiction" (Section 1447(c)) for either or both of the reasons identified in this opinion. It is therefore remanded to the Circuit Court of Cook County. Because that court was already scheduled to rule on a potentially dispositive motion in this over seven-year-old case when removal was sought, and because that court should be enabled to pick up where it left off without further delay, this Court orders the Clerk to effect the remand immediately.