**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**THE ATLANTIC ORGANIZATION, INC., Guillermo Ramis, and Maria Celeste Arraras, and the conjugal partnership constituted thereof, Defendants.**

Civ. No. 87–01200 (JAF).

United States District Court,
D. Puerto Rico.

Feb. 26, 1988.

Gustavo A. Gelpí, Feldstein, Gelpi Hernandez & Gotay, San Juan, P.R., for plaintiff.

Jorge M. Suro, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This action was removed by the plaintiff, the Federal Deposit Insurance Corporation ("FDIC"), from the Superior Court of Puerto Rico, San Juan Part. Before the court is defendants' motion to remand, and plaintiff's opposition. We grant the motion and remand the case to the Superior Court.

### I.

The very simple procedural history of this case is the following. On November 17, 1986, FDIC filed its complaint in Superior Court against the defendants for collection of monies based upon a bank overdraft and a personal guarantee.[1] The defendants were served summons and complaint, but did not answer. The Superior Court subsequently entered default, and on June 12, 1987, the court entered judgment. On June 30, 1987, defendants filed a motion requesting relief from judgment, and FDIC filed an opposition. On August 28, 1987, FDIC moved for leave to file an amended complaint. The Superior Court set a hearing on the motions for September 9, 1987. On September 8, 1987, FDIC filed its petition for removal in this court, which suspended the hearing. On October 9, 1987, the Superior Court ordered a stay of proceedings pending outcome in this court.

### II.

The petition for removal invokes 12 U.S.C. § 1819(4) as a jurisdictional basis. FDIC alleges this removal case is a new cause of action, adds codefendant Guillermo Ramos' wife and the conjugal partnership as defendants, and requests that liability of The Atlantic Organization be imposed directly on Ramos and his wife as stockholders and officers of Atlantic. It says the amended complaint (presumably in the Superior Court) alleges that the defendants committed wrongful acts under the corporate checking account for the purpose of hindering, delaying and defrauding Atlantic's creditors, which includes FDIC.

### III.

The issue the parties brief is whether FDIC's removal was timely. We first make reference to 12 U.S.C. sec. 1819(4), the statute under which FDIC removes the case, which reads in pertinent part:

... [FDIC] may, without bond or security, remove any such action, suit, or pro-

---

1. The original holder of the bank account and the personal guarantee was Girod Trust Company, who ultimately became insolvent. FDIC was appointed receiver of its assets, which included the account and guarantee. FDIC filed suit after it became receiver, and Girod Trust Company was never a plaintiff.

ceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect. . . .

Section 1819(4) does not set a time limit under which FDIC may remove a case from a state court. Defendants argue that the language in section 1819(4) requiring that removal follow "any procedure for removal now or hereafter in effect" is the procedure set forth in 28 U.S.C. sec. 1446(b). Under this provision, the petition for removal must be filed within thirty days after the receipt of the "pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Upon a review of the cases cited by both parties, we find that the jurisprudence, which includes an opinion from this court, is in fair agreement that the right to remove under section 1819(4) is subject to the limitations under 28 U.S.C. sec. 1446(b). Therefore, the removal is untimely under section 1446(b), because FDIC removed the case some ten months after it filed it in local court.

In *Franklin National Bank Securities Litigation v. Andersen*, 532 F.2d 842 (2nd Cir.1976), the court interpreted the language "procedure for removal" as referring to the procedure set forth in 28 U.S.C. sec. 1446(b), the only procedure for removal. The court said that the reference in section 1819(4) "is solely to the mechanical portions of 28 U.S.C. sec. 1446(b) which determine the 'where,' 'when,' and 'how' of petitioning for removal." *Andersen*, 532 F.2d at 846. The where, when and how refers to the district where the case may be removed, the thirty-day limitation, and the necessary removal papers. *See also Federal Deposit Insurance Corporation v. Generes*, 650 F.Supp. 66 (N.D.Ill.1986); *Federal Deposit Insurance Corporation v. Brooks*, 652 F.Supp. 745 (N.D.Tex.1985); *Federal Deposit Insurance Corporation v. First Mortgage Investors*, 459 F.Supp. 880 (E.D.Wis.1978) (alternately holding that because FDIC removed within thirty days after defendant filed its counterclaim, the removal was timely under section 1819(4)); *Federal Deposit Insurance Corporation v. López Victoria*, 448 F.Supp. 843 (D.P.R.1978).

In *Federal Deposit Insurance Corporation v. López Victoria*, 448 F.Supp. 843 (D.P.R.1978) (Torruella, J.), the defendants removed the case to district court upon FDIC's substitution into the state case. FDIC moved to remand, arguing that section 1819(4) granted FDIC the exclusive right to remove. The court denied the motion, and held that any party to a suit in which FDIC is a party may remove under section 1819(4), relying on *Franklin National Bank Securities Litigation v. Andersen, supra*. The court then ordered the defendants to perfect removal in full compliance with 28 U.S.C. sec. 1446(a), noting that copies of the complaint, process, pleadings and orders of the Superior Court were missing from the record. Similarly, in *Federal Deposit Insurance Corporation v. Otero*, 598 F.2d 627 (1st Cir.1979), the First Circuit in a section 1819(4) removal case rejected as frivolous a claim that the removal petition was untimely filed under section 1446(b). The case was not removed until FDIC intervened and the petition was filed within thirty days of FDIC's intervention. The court implicitly found that the removal right under section 1819(4) is subject to the time limitations in section 1446(b). *Otero*, 598 F.2d at 633 n. 7.

The purpose of section 1819(4) is to give leave to FDIC to remove where it has become a party either as a substituted plaintiff or a defendant in order to effectuate its function as the insurer of customer's deposits or receiver of insolvent banks. *Franklin National Bank Securities Litigation v. Andersen*, 532 F.2d at 844–45. Indeed, in all of the above cited cases, FDIC was not the original plaintiff, but came in after the commencement of the suit. That is the usual case in which FDIC will seek removal. However, in this case FDIC is and was the only plaintiff. FDIC filed suit in local court, prosecuted it to judgment, and now seeks to remove it to federal court. That is, it seeks removal approximately ten months after it filed suit

in local court, three months after it obtained judgment, and over two months after the defendants sought to vacate the local court judgment. Its removal is clearly not timely under section 1446(b). FDIC's response is that it removed the case within thirty days of filing its amended complaint in local court. Section 1446(b) allows removal within thirty days after receipt by "defendant" of an "amended pleading" by the plaintiff, the opposing party. Here, FDIC filed the amended complaint, and would like to remove the case in response to its own amended complaint. FDIC's construction of this section would allow it to control its removal date. There is no basis for such an absurd construction. If FDIC wanted to remove the case, it had to remove it within thirty days of filing its own suit in Superior Court, and no later. FDIC chose its forum, the Superior Court. This court will not allow it to subvert the dual purpose of the thirty-day limitation: to deprive the removing party of an undeserved tactical advantage and to prevent the delay and waste of judicial resources. *Federal Deposit Insurance Corporation v. Generes*, 650 F.Supp. 66, 67–68 (N.D.Ill. 1986). We agree with defendants that section 1819(4) does not support "the incredible hypothesis that FDIC may prosecute a case to judgment," and then remove it to district court.[2] Accordingly, we grant defendants' motion and remand the case to the Superior Court of Puerto Rico, San Juan part.

Judgment will be entered remanding the case accordingly.

IT IS SO ORDERED.

---

**2.** In support of its motion to vacate the Superior Court judgment, defendants argue that FDIC obtained the judgment through fraud, and is trying to escape the wrath of the Superior Court. Though the removal petition was filed one day before the Superior Court was to hear the matter, we will not speculate on the issue. We only note that FDIC's attempt to convince this court that this suit is different from the local case has failed.