**BELGIOVINE ENTERPRISES, INC.,
et al., Plaintiffs,**

v.

**CITY FEDERAL SAVINGS BANK, et
al., Defendants.**

**Civ. A. No. 90–0302.**

United States District Court,
District of Columbia.

Oct. 19, 1990.

George R. Hirsch, David N. Ravin, Bernard Schenkler, Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, N.J., for plaintiffs.

Teresa E. Brown, Charles Imlay Appler, Hamel & Park, Washington, D.C., and Joseph Lubertazzi, Jr., Newark N.J., for City Federal Sav. Bank.

Ned I. Miltenberg, Washington, D.C., for Ronald W. Stevens.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

This breach of contract case is before the Court on plaintiffs' motion to transfer venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

It appears that in February, 1989, the plaintiffs Belgiovine Enterprises, Inc., and various individual Belgiovines, ("Belgiovines"), who are real estate developers in Hackensack, New Jersey, obtained a $19 million loan commitment from the defendant City Federal Savings Bank ("City Federal"), a federally chartered savings institution in Somerset, New Jersey. The Belgiovines intended to use the loan proceeds to acquire and construct an apartment building in Fairview, New Jersey. In May, 1989, City Federal withdrew the commitment, and in September the Belgiovines, by New Jersey counsel, filed suit in Superior Court of New Jersey, Bergen County, alleging that City Federal and three of its officers had breached the loan commitment and otherwise wronged them. A month later the City Federal defendants answered the complaint, also by New Jersey counsel.

In December, 1989, the Director of the U.S. Office of Thrift Supervision declared City Federal insolvent under the Financial Institution Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), and the Resolution Trust Corporation ("RTC"), named as receiver, was substituted as defendant as the real party in interest.[1] In February, 1990, RTC caused the case to be removed to the U.S. District Court for the District of Columbia pursuant to Section 501(a) of FIRREA, 12 U.S.C. § 1441a(l)(3).[2]

The Belgiovines contend that the District of Columbia has no nexus whatsoever to the parties, the transaction, or the dispute and ask that the case be returned to New Jersey "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Venue would be proper in New Jersey, they say, because the cause of action arose in New Jersey, and the action is now one which might have been brought in New Jersey pursuant to 28 U.S.C. § 1391(e), the RTC being a party-defendant federal agency.[3]

---

1. RTC was created by FIRREA to administer insolvent lending institutions. 12 U.S.C. § 1441a(b).

2. Section 501(a) of FIRREA provides, in pertinent part:

   (1) ... Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the [RTC] is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

   •   •   •   •   •

   (3) ... The [RTC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises *out of the actions of the* [RTC] *with respect to* an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. 12 U.S.C. 1441a(l)(1), (3).

3. The requirement of § 1404(a) that the transferee court be one in which the action might have been brought is satisfied in this case because the declared insolvency of the City Federal Bank created *ipso facto* federal question jurisdiction pursuant to FIRREA. 12 U.S.C. § 1441a(l)(1). *See Pruess v. Udall,* 359 F.2d 615 (D.C.Cir.1965) (district court may transfer case to a forum in which venue did not properly lie at the time the complaint was filed, but in which venue has become proper as of the time of transfer by virtue of newly enacted statute).

As a so-called "special venue" statute, Section 501(a) of FIRREA resembles 5 U.S.C. § 552(a)(4)(B), a provision of the Freedom of Information Act ("FOIA"), which also makes the District of Columbia available as an alternative forum for FOIA plaintiffs without regard to other factors which usually determine venue.[4] It is the interpretation given that provision by the D.C. Circuit in *In re Scott*, 709 F.2d 717 (D.C.Cir.1983), upon which RTC principally relies as authority for resisting transfer here.

In *Scott*, the court of appeals held that a district judge had abused his discretion in *sua sponte* transferring a *pro se* prisoner's FOIA complaint to a district in which the records the plaintiff sought were thought to be located because he believed his court to be overburdened by such cases "from all over the country." Section 1404(a), the court of appeals said, is not a "handy device" to be employed "merely to serve [the district court's] convenience." 709 F.2d at 721. The "special venue" provision of FOIA, the court concluded, reflected "an express congressional design to render the District of Columbia an all-purpose forum in FOIA cases" for two reasons: "to provide plaintiffs with an opportunity to bring complaints in a court which has 'substantial expertise' in working with FOIA," and to provide a forum convenient for government attorneys based in Washington, D.C. who are frequently involved in such cases. 709 F.2d at 720.

The *Scott* court nevertheless clearly implied that the district court retained the power to effect a § 1404(a) transfer to an-other forum "where it might have been brought" for proper reasons, despite the presence of a "special venue" provision in a pertinent statute, particularly when the reasons for "special" venue do not obtain.[5] And they do not obtain here.

The acquired-expertise rationale of *In re Scott* might be apposite to failed thrift litigation that directly calls for a construction and application of FIRREA (as is almost always required of the Freedom of Information Act in deciding upon the propriety of FOIA requests), but the instant case is simply a common law breach of contract/commercial tort action that will be governed by New Jersey state law. FIRREA is implicated here only as a result and to the extent of City Federal's insolvency and the RTC's accession to what remains of it. Any presumed "expertise" of the federal courts of the District of Columbia in "failed thrift" cases generally will be of small help to them in resolving the issues in this case as they are presently drawn, and the federal judges in New Jersey and on the Third Circuit are certainly more familiar with the governing local law than their brethren in the District of Columbia.

Moreover, the Court finds it significant that *In re Scott* mandated deference to a *plaintiff's* choice of forum, a position entirely consistent with the general rule, even in the absence of a "special venue" statute.[6] Here it is a *defendant*—and an adventitious *post hoc* one at that—undertaking to avail itself of a "special venue" provision to enforce its forum preference, and not merely to take refuge in the near-

4. Other examples of such "special venue" statutes are found at 12 U.S.C. § 1818(f) (establishing the U.S. District Court for the District of Columbia as an alternative forum for hearing applications to stay orders of suspension or prohibition issued by the Federal Deposit Insurance Corporation), and 12 U.S.C. § 2278a–3 (granting the District Court for the District of Columbia exclusive jurisdiction over proceedings to which the Farm Credit Assistance Board is a party).

5. Section 1404(a) has been held to apply to all cases, including those brought under "special venue" statutes. *See Ex parte Collett*, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949); *United States v. National City Lines, Inc.*, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949) (Section 1404(a) applies to antitrust suits). *See also SEC v. Savoy Industries, Inc.*, 587 F.2d 1149 (D.C.Cir.1978) (Section 1404(a) applies to federal securities statutes), *cert. denied*, 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 462 (1978); *Comptroller of Currency v. Calhoun First National Bank*, 626 F.Supp. 137 (D.D.C.1985) (Comptroller of Currency selected venue pursuant to 15 U.S.C. § 78aa, but transfer was appropriate pursuant to 28 U.S.C. § 1404(a)); *Franklin v. Southern Railway Company*, 523 F.Supp. 521 (D.D.C.1981) (transfer of FELA action filed in the District of Columbia was appropriate).

6. *See, Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

est available federal court from any suspected state-court xenophobia. RTC has picked a federal court some 200 miles distant from the subject matter of the case, the participants, the scene of the events in dispute, and, it seems, virtually all of the evidence. The Belgiovines began the present case as plaintiffs, and they remain so today; their status as the favored litigant in forum-selection controversies is unaltered by RTC's entry into the case.

Section 1404(a) of Title 28 provides that a district court may transfer any case for the convenience of parties and witnesses, and in the interest of justice. In exercising its discretion, the court may consider such factors as ease of access to evidence that needs to be discovered, the availability of compulsory process, the difficulties inherent in assembling and presenting a case at a remove from office support services, and similar other intensely practical aspects of conducting complex litigation. In this case the Belgiovines have identified both specific witnesses and documents which are to be found only in New Jersey and environs; RTC has identified neither in the District of Columbia. Transfer to the District of New Jersey would therefore appear to be "convenient" to both sides, RTC's protestations to the contrary notwithstanding.

Finally, to the extent that equitable considerations are relevant at all to choice of forum, the Court observes that the Belgiovines' hands are as clean as the RTC's. So far as the record discloses, the Belgiovines are also innocent third-party victims of City Federal's insolvency, and of the imprudence (or worse) of its owners and officers. If so, transfer would appear to be in the interest of justice as well.

For the reasons set forth herein, it is, this 19th day of October, 1990,

ORDERED, that plaintiffs' motion to transfer venue is granted; and it is,

FURTHER ORDERED, that this case is transferred to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1404(a).