**Dorothy M. ASBURY, et al., Plaintiffs,**

**v.**

**GERMANIA BANK, et al., Defendants.**

**Civ. A. No. 90–1818.**

United States District Court,
District of Columbia.

Nov. 1, 1990.

---

Richard J. Medalie, Washington, D.C., for plaintiffs.

Janet F. Satterthwaite, Hillary Leigh Pettegrew, John W. Polk, Gary Clifford Tepper, Richard F. Silber, JoAnne Clark, Washington, D.C., James L. Meador, Joan S. Kato, Chicago, Ill., for defendants.

## MEMORANDUM

GESELL, District Judge.

Pending before the Court are numerous motions: one motion to dismiss by one of the many defendants, two motions to withdraw as counsel, three motions for extension of time, eight motions for admission of counsel pro hac vice, one motion for leave to file a sur-response, and, finally, one mo-

tion by the plaintiffs to transfer this action to the United States District Court for the Southern District of Illinois. The last of these motions, strenuously opposed by defendants, has been fully briefed and is ripe for decision.

This is one of the many common law and statutory actions removed to this Court in recent months from various state courts across the country pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").

The complaint, a class action, was filed on July 6, 1990, in the Madison County, Illinois Circuit Court. Named plaintiffs Ralph and Dorothy Asbury, residents of Illinois, sue (1) the Germania Bank ("Germania"), whose principal place of business is in Illinois and executive office is in Missouri, (2) present and former officers and employees of Germania, (3) the federally-chartered Resolution Trust Corporation ("RTC"), and (4) William Graham, the RTC-appointed conservator of Germania's assets. The Asburys claim that Germania and its agents committed fraud and breached fiduciary duties in connection with the Asbury's purchase in Illinois of a single $5000 subordinate capital note from a Germania employee. The Asburys allege that Germania sold more than $10 million worth of these notes, principally in Illinois. They further allege that on June 25, 1990, RTC, as conservator for Germania, informed plaintiffs that a moratorium had been placed on payments on the notes pending further investigation.

■ On August 2, 1990, RTC removed the case to this Court, asserting that this Court has original jurisdiction pursuant to FIRREA, 12 U.S.C. § 1441a($l$)(1). The Asburys now move that the instant action be transferred to the United States District Court for the Southern District of Illinois.[1] The Asburys cite section 1404(a) of 28 U.S.C., which states:

---

1. On August 20, 1990, the Asburys and several others filed a second class action alleging essentially the same claims and naming essentially the same group of defendants in the United States District Court for the Southern District of Illinois. *Asbury v. Germania Bank,* 90CV03513–WDS.

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

There can be no doubt that the first prong of section 1404(a) would be met by transfer to the Southern District of Illinois. The papers show that this is a case involving Illinois parties, Illinois witnesses, Illinois facts, and Illinois law. It has virtually nothing to do with this jurisdiction. The convenience of the parties and the interests of justice compel transfer.[2] Indeed, it borders on a violation of due process to compel litigants suing in local courts to prosecute their cases in this distant court.

■ The Court further concludes that transferring the instant action meets the other prong of 1404(a): The case "might have been brought" in the Southern District of Illinois. Section 1441a($l$)(1) of 12 U.S.C. states:

> Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the [RTC] is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit or proceeding.

RTC is and always has been a party to the present action. Accordingly, pursuant to section 1441a($l$)(1), the Southern District of Illinois court would have jurisdiction. Moreover, venue would be proper in that court pursuant to 28 U.S.C. § 1391(b), because the claim arose there.[3]

There is no indication that Congress intended by enacting the removal provision of FIRREA to bring in every sort of local case to this Court, no matter how significant or insignificant or no matter how intertwined with local affairs and local law. The RTC argues that Congress envisioned that this Court would develop special expertise in RTC cases, but Congress could not conceivably have envisioned that the trial judges here would become expert in the laws of all 50 states and territories. The only specialized knowledge developed to date has related to parsing of the removal provisions themselves, made more difficult by the fact that RTC does not speak with a single voice on this matter but delegates it to an array of private counsel who advance a range of differing arguments against transfer and/or remand.

For the foregoing reasons, plaintiff's Motion to Transfer Action Pursuant to 28 U.S.C. Section 1404(a) will be granted and the case transferred to the Southern District of Illinois. An appropriate Order is attached.

### ORDER

Upon consideration of plaintiffs' Motion to Transfer Action Pursuant to 28 U.S.C. Section 1404(a), the oppositions thereto, and the entire record herein, and for the

---

2. On July 23, 1990, Germania sued the RTC and the Office of Thrift Supervision in this Court, Civil Action No. 90–1716, alleging wrongful appointment of a conservator. One of the numerous factual matters mentioned by Germania in its complaint in that case concerns the notes at issue in the instant action, but the Asburys' claims are not a part of that case, and the notes do not appear to be a major component of that case. Therefore, the pendency of that case before this Court does not mandate that the present action be kept here.

3. The argument in the briefs is clouded by discussion of Section 1441a($l$)(3) of FIRREA, which states:

> The [RTC] may ... remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit or proceeding arises out of the actions of the [RTC] with respect to an institution for which a conserva-

tor or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. This provision appears to mandate that some cases—cases not arising out of RTC actions—that could appropriately be *transferred* by this Court to other federal courts pursuant to 28 U.S.C. § 1404(a) and 12 U.S.C. § 1441a($l$)(1) could have been *removed* from state courts only to this Court and not to local federal courts in the first instance. *See Piekarski v. Home Owners Savings Bank,* 743 F.Supp. 38 (D.D.C.1990). But in any event this is not such a case. This case meets the standard of section 1441a($l$)(3) in that it *does* arise in part out of an action of the RTC, e.g. the RTC's moratorium on payments under the notes. Accordingly, removal to the Southern District of Illinois from state court would have been proper, just as transfer after removal to this Court is now proper.

reasons stated in the accompanying Memorandum, it is hereby

ORDERED that defendant Resolution Trust Corporation's Motion for Leave to File Sur–Response is granted and the Sur–Response attached as an exhibit thereto shall be filed; and it is further

ORDERED that plaintiffs' Motion to Transfer Action Pursuant to 28 U.S.C. Section 1404(a) is granted; and it is further

ORDERED that the case is transferred to the United States District Court for the Southern District of Illinois.