RESOLUTION TRUST CORPORATION
as Receiver of American Savings and
Loan Association, Plaintiff,

v.

Rose B. SLOAN, Defendant.

Rose B. SLOAN, Third–Party Plaintiff,

v.

Alfred D. FOWLER and Dawn W. Beam,
d/b/a Quality Home Improvement
Company; Quality Home Improvement
Company, Third–Party Defendants.

No. LR–C–91–325.

United States District Court,
E.D. Arkansas, W.D.

Oct. 7, 1991.

closure action from state court. For the reasons explained below, the Court denies the defendant's motion to remand the case to the Chancery Court of Pulaski County, Arkansas.

The RTC originally filed its foreclosure complaint in chancery court on October 4, 1990, seeking to reduce to judgment an unpaid promissory note together with foreclosure of a mortgage on the defendant's residence. On April 17, 1991, the RTC filed an amended complaint, to which the defendant responded by filing a counterclaim and third-party complaint on April 29, 1991. The counterclaim seeks rescission of the note and mortgage purchase contract under which the RTC brought its amended complaint.

The RTC filed a notice on May 28, 1991 removing the case to this Court under 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. §§ 1441–50. It then moved for dismissal under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, contending in part that the counterclaim should be dismissed because Ms. Sloan failed to exhaust her administrative remedies under 12 U.S.C. § 1821(d)(3), the RTC is a holder in due course under federal common law, and the counterclaim is barred under the *D'Oench, Duhme* doctrine, *see D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and its statutory counterpart, 12 U.S.C. § 1823(e).

John E. Pruniski, III and Randall I. Hall, No. Little Rock, Ark., for Resolution Trust Corp.

Paul J. James, Little Rock, Ark., for Rose B. Sloan.

## MEMORANDUM AND ORDER

SUSAN WEBBER WRIGHT, District Judge.

This case presents the question of whether the Resolution Trust Corporation (RTC), as receiver of the American Savings and Loan Association, properly removed a fore-

I.

On August 9, 1989, Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73, 103 Stat. 183, which created the RTC and abolished its predecessor, the Federal Savings and Loan Insurance Corporation (FSLIC). Section 501(a) of FIRREA contains language regarding jurisdiction and removal of cases by the RTC, which is now codified at 12 U.S.C. § 1441a(*l*).[1] Ms. Sloan first objects to removal on the ground that the RTC used the wrong removal statute. She

---

**1.** Unless otherwise indicated, citations to § 1441a(*l*) will refer to Title 12 of the United States Code and should not be confused with

§ 1441 of Title 28, which deals with removal in general.

points out that removal in this case is governed not by 12 U.S.C. § 1819(b)(2)(B), which applies to the Federal Deposit Insurance Corporation (FDIC), but by section 1441a($l$). Accordingly, she argues, the case should be remanded.

The Court disagrees. It is true that the RTC did not rely upon section 1441a($l$) in its notice of removal. Several courts have recognized that section 1441a($l$) governs removals by the RTC, rather than section 1819(b)(2). *See, e.g., In re Resolution Trust Corp.*, 888 F.2d 57, 58–59 (8th Cir. 1989) (section 1441a($l$)(3) governs removals by RTC, while section 1819(b)(2) governs removal of FDIC cases); *Matrix Ski Corp. v. FDIC*, 734 F.Supp. 763, 764–65 (N.D.Tex. 1990) (noting substantial differences between RTC and FDIC removal statutes); *Resolution Trust Corp. v. Key*, 733 F.Supp. 1086, 1090 n. 6, n. 7 (N.D.Tex.1990) (removal provisions in section 1819(b)(2)(B) do not apply to the RTC).

Perhaps on this ground alone the motion to remand should be granted, but the Court is not inclined to do so for two reasons. First, the RTC also invoked the general removal provisions of 28 U.S.C. §§ 1441–50 in its notice, and that is sufficient to cure the failure to mention section 1441a($l$) While section 1441a($l$) obviously governs removal by the RTC, "FIRREA does not expressly prohibit RTC from removing cases under 28 U.S.C. § 1441(a) and we therefore read its removal provisions to supplement, rather than to replace, those of § 1441(a)." *RTC v. Lightfoot*, 938 F.2d 65, 68 (7th Cir.1991). *Accord Towns Real Estate & Appraisal Serv. v. RTC*, 753 F.Supp. 914, 916–17 (N.D.Ala.1991) (FIRREA removal provisions supplement general removal provisions in 28 U.S.C. § 1441(a)); *First Northern Bank v. RTC*, 750 F.Supp. 53, 55 (D.N.H.1990) (same). As explained below, the removal provisions of section 1441a($l$)(3) do not apply to the somewhat unusual facts in this case. The Court ultimately must look to the general removal statutes to decide whether removal in this case was proper, and the RTC removed pursuant to those provisions

(along with section 1819(b)). Second, to remand a case that is otherwise removable because the RTC failed to cite section 1441a($l$) in its notice would elevate form over substance, something the Court is unwilling to do in this instance.

The Court will treat the removal under section 1819(b)(2)(B) as if it had been effected under the provisions of section 1441a($l$). This does not mean that the RTC can pick-and-choose between the two provisions, nor that the terms of section 1819(b) necessarily determine the outcome here.

## II.

The section of FIRREA governing jurisdiction and removals by the RTC provides:

($l$) **Power to remove; jurisdiction.**

(1) In general. Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

(2) Corporation [RTC] as party. The Corporation shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party with respect to institutions which are subject to the management agreement dated February 7, 1989, among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board and the Federal Deposit Insurance Corporation.

(3) Removal and remand. The Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—

(A) not later than 90 days after the date the Corporation is substituted as a party, or

(B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after the date of enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 [enacted August 9, 1989].

The Corporation may appeal any order of remand entered by a United States district court.

12 U.S.C. § 1441a(*l*).

■ To begin with, this case presents questions of venue and procedure, not subject matter jurisdiction. Congress unequivocally conferred jurisdiction upon this Court through section 1441a(*l*)(1) to hear cases involving the RTC as a party. At issue, then, is whether venue is proper in the Eastern District of Arkansas and whether the RTC complied with the procedural removal requirements.[2]

■ FIRREA's removal provisions appear in the third paragraph of section 1441a(*l*). The first sentence of this paragraph refers to two kinds of cases: those which may be removed to the United States District Court for the District of Columbia and those which arise out of RTC actions with respect to an institution for which a conservator or receiver has been appointed. Since the RTC's conduct as receiver of the American Savings and Loan Association is not at issue here, *see, e.g., Asbury v. Germania Bank*, 752 F.Supp. 503, 505 n. 3 (D.D.C.1990), the Court will consider only whether it should remand because the case was not removed to District of Columbia.[3]

■ The first clause says that "[t]he Corporation may, without bond or security, remove any *such* action, suit, or proceeding from a State court to the United States District Court for the District of Columbia." *Id.* § 1441a(*l*)(3) (emphasis added). It is unclear whether "any such action" refers to those cases described in paragraph one (*any* case in which the RTC is a party) or the subset of such cases described in paragraph two (cases in which the RTC was substituted as a party and which involve institutions subject to the referenced 1989 management agreement).

Most courts prefer the former reading. In *Kirby v. Mercury Savings & Loan Ass'n*, 755 F.Supp. 445, 447 (D.D.C.1990), and *United Savings Bank v. Rose*, 752 F.Supp. 506, 507 (D.D.C.1990), Judge Gesell suggests that there is no reason why Congress would limit RTC's removal rights under FIRREA only to those cases where RTC's predecessor in interest, the FSLIC, was a party prior to FIRREA's enactment. He also points out that section 1441a(*l*)(3)(B) expressly contemplates the RTC's removal of cases filed after the date the FSLIC was replaced and therefore not covered by the 1989 management agreement.

If the first clause refers to paragraph one, then it is but a short step to construing section 1441a(*l*)(3) as the exclusive removal provision for the RTC. At first glance, the literal language of the clause appears to permit removal *only* to the United States District Court for the District of Columbia. Thus, the majority of district courts—including the District of Columbia district court—have decided that all cases

---

**2.** Ms. Sloan has not raised these particular issues in her motion to remand, and the Court is not obliged to take notice of them on its own motion. *Financial Timing Publications, Inc. v. Compugraphic Corp.*, 893 F.2d 936 (8th Cir. 1990). Nevertheless, the general substance of Ms. Sloan's objections requires that the Court consider both questions.

**3.** At least three courts have permitted the RTC as conservator or receiver to remove to the district in which the failed institution's principal place of business was located *without* any showing that the RTC's conduct as conservator or

receiver was at issue. *See RTC v. Pittore*, Civ.A. No. 91–3606, 1991 WL 137155 (E.D.Pa. July 22, 1991); *First Northern Bank v. RTC*, 750 F.Supp. 53 (D.N.H.1990); *RTC v. Security Town Co.*, 745 F.Supp. 1216 (E.D.La.1990). However, as the Tenth Circuit points out in *RTC v. Westgate Partners, Ltd.*, 937 F.2d 526, 528 (10th Cir.1991), the RTC can remove under section 1441a(*l*)(3) to the local federal district court only if (1) the case arises out of the actions of the RTC and (2) the RTC is acting in a conservatorship or receivership capacity with respect to the failed institution.

in which the RTC's own conduct is not at issue are removable only to the District of Columbia. *See, e.g., Harvison v. Sunbelt Savings,* Civ.A. No. 91–1271, 1991 WL 153108 (D.D.C. July 23, 1991); *Sweeney v. RTC,* 765 F.Supp. 33, 35 (D.Mass.1991); *Hellon & Associates, Inc. v. Phoenix Resort Corp.,* 755 F.Supp. 280, 284 (D.Ariz. 1990); *Piekarski v. Home Owners Savings Bank,* 743 F.Supp. 38, 41 (D.D.C.1990); *Matrix Ski Corp. v. FDIC,* 734 F.Supp. 763, 765 (N.D.Tex.1990); *RTC v. Key,* 733 F.Supp. 1086, 1091 (N.D.Tex.1990); *Security Homestead Ass'n v. Eitmann,* Civ.A. No. 89–5303, 1990 WL 124881 (E.D.La. Aug. 16, 1990).

Other courts disagree, concluding that the first clause of paragraph three refers to the narrower subset of substitution cases described in paragraph two. In their view, the RTC can remove to the District of Columbia federal court only when it has been substituted for its predecessor in interest in cases involving certain institutions subject to the 1989 management agreement. *See RTC v. Westgate Partners, Ltd.,* 937 F.2d 526, 528 (10th Cir.1991); *RTC v. Filippone,* 745 F.Supp. 404, 406 (E.D.Tex.1990); *Philpott v. RTC,* 739 F.Supp. 380, 386 (N.D.Ill.1990). The courts in *Filippone* and *Philpott* reached this result partly because, like the majority view, they read the venue reference in the first clause as exclusive: if the RTC removes a substitution case, it may remove it *only* to the District of Columbia.[4] They refused to apply the first clause to paragraph one (*i.e.,* all actions involving RTC) because they thought it unlikely that Congress would burden both litigants and federal courts in the District of Columbia with trying in that district the thousands of cases in which the RTC may be a party. *See Filippone,* 745 F.Supp. at 406 n. 2; *Philpott,* 739 F.Supp. at 386.

If "any such action" refers only to paragraph two, then the first sentence of section 1441a(*l*)(3) does not apply to the present case. The RTC is the original plaintiff suing for judgment on a promissory note and foreclosure on a mortgage transferred to it from American Savings. This case involves neither substitution nor the RTC's own conduct. However, if "any such action" refers to paragraph one as well, and this Court thinks it does, removal to this district was not proper under the majority view.

The legislative history of FIRREA supports the majority view that "any such action" refers to *all* suits involving the RTC. While the House Report generally paraphrases the statutory language, it links the general jurisdictional grant in paragraph one with the removal provisions in paragraph three.

> [This subsection] provides that suits by or against the RTC shall arise under the laws of the United States *and* can be removed to the District Court of the District of Columbia or if the suit arises out of actions by the RTC with respect to an institution for which a conservator or receiver has been appointed in the District Court in which the institution's principal place of business is located.

H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. 362 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 158 (emphasis added).

The majority view, however, may be flawed in another respect. Even if the first clause refers to paragraph one, it does not follow that all RTC cases not arising from the RTC's own conduct must be removed *only* to the District of Columbia. This would be true only if venue in the first clause is construed as exclusive—a view expressly rejected by the Seventh Circuit in *RTC v. Lightfoot,* 938 F.2d 65 (7th Cir. 1991). The court noted that the language of 28 U.S.C. § 1441(a) indicates that its provisions apply absent an explicit statement by Congress to the contrary,[5] and concluded that

---

4. While less clear, language in the Tenth Circuit's opinion in *Westgate Partners* also suggests that under § 1441a(*l*) the RTC can remove substitution cases only to the District of Columbia. *See* 937 F.2d at 528–31.

5. 28 U.S.C. § 1441(a) reads in applicable part: Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

FIRREA does not prohibit RTC from removing cases to the district where the state court suit was pending; it simply provides that RTC *may* remove to the District of Columbia or the district where the institution's principal business is located. If Congress intended FIRREA to provide the exclusive venue for removal, it did not say so, and we will not presume that it wished to repeal an existing statutory removal provision *sub silentio....* The FIRREA removal provision would be clearer if it included a preface acknowledging the baseline removal provision of [28 U.S.C.] § 1441(a), but the mandate of § 1441(a) is nonetheless sufficiently clear to resolve any ambiguity created by the absence of such a notation. FIRREA does not expressly prohibit RTC from removing cases under 28 U.S.C. § 1441(a) and we therefore read its removal provisions to supplement, rather than to replace, those of § 1441(a).

*Id.* at 67–68 (citations and footnotes omitted).[6]

This Court finds *Lightfoot* persuasive. It follows a reasonable construction of both the 1441(a) general removal provision and the 1441a($l$)(3) provision governing removals by the RTC. Nothing readily apparent in FIRREA's legislative history supports the view that Congress intended section 1441a($l$)(3) to be the exclusive removal pro-

vision for the RTC or that all RTC cases can be removed only to the District of Columbia. *See* H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. 362 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 158. Any suggestion that Congress envisioned that the United States District Court for the District of Columbia would develop special expertise in RTC cases is belied by both the acts and opinions of that court. It routinely transfers RTC cases removed there under section 1441a($l$)(3) to local federal district courts.[7] Judge Gesell expressed the apparent sentiment of the court in *Kirby v. Mercury Savings & Loan Ass'n*, 755 F.Supp. 445, 448 (D.D.C.1990):

> There is no indication that Congress intended by enacting the removal provision of FIRREA to bring in every sort of local case to this Court, no matter how significant or insignificant or no matter how intertwined with local affairs and local law.... Congress could not conceivably have envisioned that the trial judges here would become expert in the laws of all 50 states and territories. The only specialized knowledge developed to date has related to parsing of the removal provisions themselves....

*Cf. Garland Independent School Dist. v. Phenix Woods, Inc.*, Civ.A. No. 90–1406, 1991 WL 135934, at *2 (D.D.C. Jan. 29,

---

be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

**6.** *Filippone* and *Philpott* reached the same result, but by a different approach. Both courts decided that paragraph three provided exclusive venue only for the cases identified in paragraph two, and found that the failed institutions in their cases were not subject to the 1989 management agreement. In *Filippone* the court concluded that "any removal action by the RTC in the present case is governed by the general removal statute [28 U.S.C. § 1441]." 745 F.Supp. at 406. Likewise, recognizing that "any case involving Resolution Trust [is] removable to federal court pursuant to 28 U.S.C. § 1441," 739 F.Supp. at 386, the court in *Philpott* determined that its case was removed under the general removal statute, not under 12 U.S.C. § 1441a($l$)(3). It remanded the case because the case had been closed in state court and there was no case or controversy over which the district court could exercise its jurisdiction.

**7.** The United States District Court for the District of Columbia regularly invokes 28 U.S.C. § 1404(a) to transfer RTC cases removed under § 1441a($l$)(3) to federal district courts where the state action was pending. *See, e.g., Gregory v. RTC,* 771 F.Supp. 459 (D.D.C.1991); *Harvison v. Sunbelt Savings, F.S.B.,* Civ. A. No. 91–1271, 1991 WL 153108 (D.D.C. July 23, 1991); *RTC v. Haines,* Civ. A. 91–1467 (MB), 1991 WL 131306 (D.D.C. July 1, 1991); *Sunbelt Savings, F.S.B. v. Day,* Civ. A. No. 91–1267 (MB), 1991 WL 120129 (D.D.C. June 18, 1991); *RTC v. Starr,* Civ. A. No. 91–1002 (MB), 1991 WL 99208 (D.D.C. May 23, 1991); *Garland Independent School Dist. v. Phenix Woods, Inc.,* Civ.A. No. 90–1406, 1991 WL 135934 (D.D.C. Jan. 29, 1991); *Kirby v. Mercury Savings & Loan Ass'n,* 755 F.Supp. 445 (D.D.C.1990); *United Savings Bank v. Rose,* 752 F.Supp. 506 (D.D.C.1990); *Asbury v. Germania Bank,* 752 F.Supp. 503 (D.D.C.1990); *Belgiovine Enterprises, Inc. v. City Federal Savings Bank,* 748 F.Supp. 33 (D.D.C.1990); *Piekarski v. Home Owners Savings Bank,* 743 F.Supp. 38 (D.D.C.1990).

1991) (Judge Penn); *Belgiovine Enterprises, Inc. v. City Federal Savings Bank*, 748 F.Supp. 33, 35 (D.D.C.1990) (Judge Jackson). And Judge Hogan candidly admitted in *Piekarski v. Home Owners Savings Bank*, 743 F.Supp. 38, 44 (D.D.C.1990):

> The Court acknowledges that this is an exercise in legal gymnastics. However, the Court can see no other way to act on the intent of Congress, both with regard to FIRREA and the change of venue statute [§ 1401]. Congress would be wise to revisit the FIRREA removal provisions to consider whether a federal forum is necessary in every case involving the RTC (particularly involving only issues of state law), and to consider whether parties such as those in this case will be forced to first remove to this court, and then present a motion for transfer to a forum more suited to complete the litigation.

The Court therefore concludes that FIRREA does not prohibit the RTC from removing cases under 28 U.S.C. § 1441(a) to the district in which the state court action was filed. Section 1441a(*l*) supplements, but does not supplant, the general removal provisions in 28 U.S.C. § 1441 *et seq.*

### III.

Since the RTC has not removed this case to the District of Columbia under section 1441a(*l*)(3), the next question is whether removal to this Court is proper under 28 U.S.C. § 1441(a).[8] FIRREA provides that any case to which the RTC is a party "shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding." 12 U.S.C. 1441a(*l*)(1). Section 1441(a) of Title 28 says that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending."

■ In the present case, the RTC is both the plaintiff and counterclaim defendant. It is true, as Ms. Sloan points out, that section 1441(a) has been construed to permit only a true defendant, not a counterclaim defendant, to remove to federal court. *See Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Tindle v. Ledbetter*, 627 F.Supp. 406 (M.D.La.1986). At least one federal court has held that the RTC *as a plaintiff* cannot remove under section 1441(a). *FSLIC v. Burrage*, No. 89–C–2938, 1989 WL 134956 (N.D.Ill.1989).

Such a simple answer, however, is muddled by those cases interpreting separate FDIC and FSLIC removal statutes[9] as obviating section 1441(a)'s limitation of the right to removal to defendants and granting the FDIC and the FSLIC the right, as plaintiff, to remove. *See Beighley v. FDIC*, 868 F.2d 776, 779 n. 6 (5th Cir.1989); *FSLIC v. Frumenti Development Corp.*, 857 F.2d 665, 666 n. 1 (9th Cir.1988); *Franklin National Bank Securities Litigation v. Andersen*, 532 F.2d 842, 843–46

---

**8.** Ms. Sloan correctly argues that this case is not removable under § 1441(c) since the counterclaim is not a separate and independent claim.

**9.** Before FIRREA, 12 U.S.C. § 1819(a) (Fourth) governed removal by the FDIC and 12 U.S.C. § 1730(k)(1) by the FSLIC. FIRREA amended the FDIC removal statute, which now appears at 12 U.S.C. § 1819(b)(2), and repealed the FSLIC statute. 12 U.S.C. § 1819(b)(2)(A) and (B) provides in applicable part:

> (A) ... all suits of a civil nature at common law or equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States. (B) ... the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a

State court to the appropriate United States district court.

12 U.S.C. § 1730(k)(1)(B) and (C) (now repealed) provided in applicable part:

> (B) any civil action, suit, or proceeding to which the [FSLIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the [FSLIC] may, without bond or security, remove any such action, suit, or proceeding thereof from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect....

(2d Cir.1976). These decisions relied on parallel language in the FDIC and FSLIC removal statutes that "the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect." [10] Unlike the RTC removal statute, it is clear that "any such action" refers to all cases in which the FDIC or the FSLIC is a party. The courts therefore concluded that Congress did not intend to limit removal only to those cases in which the FDIC or the FSLIC is a defendant.

The RTC removal provision is similar. It provides that "[t]he Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia." 12 U.S.C. § 1441a(*l*)(3). The only difference is the venue to which the case may be removed.[11] Otherwise, with respect to whether the RTC can remove as a plaintiff under section 1441(a), there is no reason to treat the RTC removal statute differently than nearly identical provisions governing the FDIC or the FSLIC. In FIRREA, Congress clearly contemplated removal by the RTC as both plaintiff and defendant. *See* H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. 362 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 158 (§ 1441a(*l*) provides "that suits *by* or *against* the RTC shall arise under the laws of the United States *and* can be removed to the District Court of the District of Columbia") (emphasis added). Section 1441a(*l*)(3) even sets different deadlines in subparagraphs (A) and (B) for removal in cases where the RTC is substituted (either as plaintiff or defendant) and cases where suit is brought *against* the RTC (as defendant).

## IV.

■ The next step is to determine whether the RTC's removal was timely. Section 1441a(*l*)(3) requires the RTC to remove a case no later than ninety days after it is substituted as a party, or within thirty days after it is sued. Since neither of these applies to the facts in the present case, the Court must look to the deadlines contained in the general removal provisions. Section 1446(b) of Title 28 provides in applicable part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

The Court is aware of only one case involving the question of timely removal by the RTC under section 1446(b). *See RTC v. Filippone*, 745 F.Supp. 404 (E.D.Tex.1990) (remanded because the RTC filed its removal notice more than thirty days after its formal substitution as plaintiff in the case). For guidance in determining when the limitation period began to run in this case, the Court must look to similar cases involving removals by the FDIC.

Before the enactment of FIRREA, the statute governing removals by the FDIC stated that the FDIC could remove state court cases "by following any procedure for removal now or hereafter in effect." 12 U.S.C. § 1819(a) (Fourth) (prior law). This language was interpreted to mean that the FDIC was subject to the provisions

---

**10.** The FDIC removal statute, which was amended after *Beighley* and *Franklin National Bank,* now reads "the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court." 12 U.S.C. § 1819(b)(2)(B).

**11.** As explained in Part II, the venue provision here supplements, rather than replaces, the general removal provision of § 1441(a) which permits removal to the district in which the state court action was filed.

of the general removal statutes, 28 U.S.C. §§ 1446–52, including the requirement that removal occur within thirty days after the case had become removable, *id.* § 1446(b). *See, e.g., Franklin National Bank Securities Litigation v. Andersen,* 532 F.2d 842, 846 (2d Cir.1976); *Interior Glass Services, Inc. v. FDIC,* 691 F.Supp. 1255, 1255–56 (D.Alaska 1988); *FDIC v. The Atlantic Organization, Inc.,* 682 F.Supp. 5, 7 (D.P.R.1988); *FDIC v. Brooks,* 652 F.Supp. 745, 746 (N.D.Tex.1988). FIRREA eliminated the language referring to "any procedure for removal now or hereafter in effect." *See* 12 U.S.C. § 1819(b)(2)(B). Courts, however, have held that the thirty-day time limit of section 1446(b) still governs FDIC removals. *See, e.g., Lazuka v. FDIC,* 931 F.2d 1530, 1536–37 (11th Cir. 1991); *Woburn Five Cents Savings Bank v. Robert M. Hicks, Inc.,* 930 F.2d 965, 967–68 (1st Cir.1991); *Mountain Ridge State Bank v. Investor Funding Corp.,* 763 F.Supp. 1282, 1287–90 (D.N.J.1991); *FDIC v. Norwood,* 726 F.Supp. 1073, 1075 (S.D.Tex.1989).

■ The present case differs from those just cited in which the FDIC was not the original plaintiff, but came in after the commencement of the suit. Typically, the FDIC is appointed as receiver of a failed depository institution, intervenes or is substituted into the action, removes, and the court then must decide whether the thirty-day clock starts ticking when the FDIC is appointed or when it formally enters the lawsuit. Here, the RTC filed its complaint against Ms. Sloan in state court *after* it had been appointed receiver. Since cases involving the FDIC and RTC are deemed to arise under federal law, *see* 12 U.S.C. § 1819(b)(2)(A) and § 1441a(*l*)(1), the filing of the amended complaint and counterclaim in April 1991 did not make the case any more or less removable; it was removable upon the filing of the initial complaint in state court by the RTC on October 4, 1990. Normally, if the FDIC as original plaintiff wants to remove its case under section 1441(a), it must remove it within thirty days of filing its own suit in state court, and no later. *See FDIC v. The Atlantic Organization, Inc.,* 682 F.Supp. at 7–8

(FDIC as plaintiff must remove case within thirty days of filing original rather than amended complaint); *FDIC v. Klayer,* 519 F.Supp. 889, 892 (E.D.Ky.1981) (FDIC as original plaintiff must observe thirty-day limit in § 1446(b) which begins to run upon filing of state court action). At least two courts, however, have held that even if the FDIC waived its right to remove by not filing within the thirty-day limit, that right was renewed when the defendant filed a counterclaim against the FDIC. *See Yankee Bank for Finance & Savings, F.S.B. v. Hanover Square Associates–One Limited Partnership,* 693 F.Supp. 1400, 1411–12 (N.D.N.Y.1988); *FDIC v. First Mortgage Investors,* 459 F.Supp. 880, 882 (E.D.Wis. 1978).

In *FDIC v. Generes,* 650 F.Supp. 66 (N.D.Ill.1986), the court granted the defendants' motion to remand on the ground that the FDIC filed its notice of removal two years after it became the real party in interest in the lawsuit. In reaching that conclusion, the court examined the underlying purpose of the thirty-day time limit on removal:

> The purpose of the 30–day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

*Id.* at 68 (quoting *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962, 965 (7th Cir.1982)).

While recognizing the sound policy reasons expressed in *Generes,* the Court nevertheless is inclined to follow the rule enunciated in *Yankee Bank* and *First Mortgage Investors.* The jurisdictional and removal provisions in FIRREA applicable to the RTC show that Congress intended the RTC to have broader access to federal courts than the usual litigant, perhaps because so many of the issues raised in RTC cases involve federal law. This, of course,

is not to discourage the RTC from litigating purely state law matters (such as foreclosures) in state courts. *Cf.* 12 U.S.C. § 1819(b)(2)(D) (restricting FDIC removal powers in cases requiring only the interpretation of state law). However, to hold that the filing of a counterclaim does *not* trigger the RTC's right to remove likely would result in the RTC filing such cases originally in federal court to preserve its access to a federal forum, just in case a later counterclaim was filed requiring the application of federal law.

■ Ms. Sloan cites no authority to support her argument that the RTC waived its right to remove simply by choosing to file its complaint in state court. Her position, in fact, is contrary to those cases already cited permitting the RTC and FDIC as original plaintiffs in a state court action to remove in a timely fashion. The RTC did not waive its right by filing in state court, nor by its action taken in state court prior to removal. *See, e.g., Rothner v. City of Chicago,* 879 F.2d 1402, 1415 (7th Cir.1989) (right to remove "is not lost by action in the state court short of proceeding to an adjudication on the merits"). The Court therefore finds that even though this case was removable at an earlier time, the RTC's removal rights were renewed on April 29, 1991 when Ms. Sloan filed her counterclaim, and its removal on May 28, 1991 was timely.

IT IS SO ORDERED.