Peter R. **PIEKARSKI**, Plaintiff,

v.

**HOME OWNERS SAVINGS BANK**, et al., **Defendants.**

**Civ. A. No. 90–1415.**

United States District Court, District of Columbia.

Aug. 3, 1990.

William P. Luther, Luther, Ballenthin & Carruthers (Daniel A. Rezneck, of counsel), Arnold & Porter, Washington, D.C., for plaintiff.

Dennis S. Klein, Lawrence F. Bates, Laura Lane, Hopkins & Sutter, Washington, D.C., for defendants.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

### BACKGROUND

Plaintiff Peter R. Piekarski commenced this action in November, 1988, in the District Court of Hennepin County, District of Minnesota, Fourth Judicial District. He alleged that he was wrongfully terminated from his position as Vice President of Mortgage Lending of Home Owners Savings Bank in Fergus Falls, Minnesota ("Home Owners–Fergus Falls"). Other named defendants were: Home Owners Savings

Bank of Boston ("Home Owners"), the parent company of Home Owners–Fergus Falls; Knutson Mortgage, a subsidiary of Home Owners; and M. Gene Donley, president of Home Owners–Fergus Falls. Venue was changed to the District Court of Otter Tail County, Minnesota, Seventh Judicial District, where, after discovery, a bifurcated liability/damage trial was scheduled.

On December 7, 1989, Judge Harlan L. Nelson of the Otter Tail County District Court presided over phase one of the bifurcated trial before an advisory jury. All defendants were found liable. Judge Nelson issued his findings of fact, conclusions of law, and order for judgment in favor of the plaintiff on February 20, 1990.[1]

On April 27, 1990, before Judge Nelson had reached phase two of the trial (the damages phase), the Office of Thrift Supervision declared Home Owners insolvent and appointed the Resolution Trust Corporation ("RTC") as Conservator. Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), the RTC "by operation of law succeed[ed] to all rights, powers and privileges of [Home Owners]...." 12 U.S.C. § 1821(d)(2)(A)(i); 12 U.S.C. § 1441a(b)(4). The RTC was substituted as a party for Home Owners.

On May 7, 1990, the RTC removed this case to the United States District Court for the District of Minnesota, arguing that 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441(a) supported the removal. RTC's removal was followed with a motion to remand the case to the District Court in Otter Tail County by Mr. Piekarski. On June 1, 1990, RTC opposed the remand, arguing that the case was properly removed to the federal court in Minnesota. In the alternative, the RTC requested a transfer of the case to this Court, the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 1406(a).

On June 11, 1990, Judge Edward J. Devitt granted plaintiff's motion to remand the case. In summary, he held that defendants could not remove to the United States District Court for the District of Minnesota under 12 U.S.C. § 1441a(l) because RTC did not initiate the suit and because Mr. Piekarski's wrongful termination action arose without the involvement of the RTC.[2] He held that defendants "could only have removed to the United States District Court for the District of Columbia." Memorandum Opinion and Order, *Piekarski v. Home Owners Savings Bank, et al.*, Civ. 3–90–248, United States District Court District of Minnesota, Third Division, June 12, 1990 (Devitt, J.), at 5. Judge Devitt remanded the case back to the Otter Tail District Court, and, over the defendants' objections, refused to grant defendants' motion to transfer venue to the District of Columbia.[3]

On June 15, 1990, the RTC removed this case from the Otter Tail District Court of Minnesota to this Court.[4] Currently before the Court are plaintiff's motion to remand to the Otter Tail District Court and RTC's motion to transfer the case to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1404(a). In consideration of the motions, the responses filed thereto, the hearing held on July 19, 1990, and for the reasons stated below, the Court shall deny plaintiff's mo-

---

1. Judge Nelson found liability based on breach of contract, retaliatory discharge, and intentional interference with business relations. Additionally, he found liability for compensatory damages as to all the defendants, and liability for punitive damages as to defendant M. Gene Donley individually.

2. The RTC's April 27, 1990, appointment as Conservator came seventeen months after Mr. Piekarski's original complaint was served in November, 1988, and four months after the liabilities portion of the trial was concluded on December 7, 1990.

3. Judge Devitt held that, although he had the power to transfer the case, "[c]onsiderations of equity and judicial economy weigh[ed] against transfer." Memorandum Opinion at 5.

4. Judge Gesell of this Court granted RTC's motion for a *temporary restraining order* on June 19, 1990, to prohibit the state court from proceeding on the damages portion of the trial, which was scheduled to commence on June 19, 1990.

tion to remand the case to the Otter Tail District Court and shall grant RTC's motion to transfer this case to the United States District Court for the District of Minnesota.

## PLAINTIFF'S MOTION TO REMAND

■ FIRREA provides for original federal court jurisdiction over all actions, suits, or proceedings to which the RTC is a party:

Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit or proceeding.

12 U.S.C. § 1441a(*l*)(1). FIRREA also gives the RTC the absolute right, subject to certain time restraints, to remove *any* case from a state court in which it is named or is substituted as a party, pursuant to 12 U.S.C. § 1441a(*l*)(3) (emphasis supplied):

The Corporation may, without bond or security, remove *any* such action, suit or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—

(A) not later than 90 days after the date the Corporation is substituted as a party, or

(B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after the date of enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. The Corporation may appeal any order of remand entered by a United States district court.

**5.** FIRREA's language is quite broad, and does not limit removal to those cases in which no action has been taken by state court. While the Court agrees with the plaintiff, that the result in

■ This case was properly removed to this Court, pursuant to 12 U.S.C. § 1441a(*l*)(3). When the RTC was substituted as a party for Home Owners in the suit proceeding in the Otter Tail District Court, RTC had the right to remove the case to this Court, regardless of the stage of the proceedings, as long as RTC removed within the time limits imposed by the statute.[5] Judge Devitt's ruling does not conflict with this interpretation of FIRREA. Judge Devitt was considering only whether removal was proper to the United States District Court for the District of Minnesota. He held that it was not, since the action did not "arise out of the actions of the [RTC]." *See* Memorandum Opinion at 5. The RTC did not initiate the suit, and the wrongful termination action arose without the involvement of the RTC. Based on his reading of 12 U.S.C. § 1441a(*l*)(3), the suit could not be removed to the federal court in Minnesota, but could only have been removed to the United States District Court for the District of Columbia. This Court agrees with his interpretation. *See also Federal Savings and Loan Ins. v. Westgate Partners,* 726 F.Supp. 807, 809 (D.Colo.1989).

■ Mr. Piekarski raises several arguments as to why his current motion for remand should be granted. He argues that his present motion for remand should be granted because RTC is attempting to remove for a second time, in contravention of the law of the case and of FIRREA. The Court rejects his arguments. FIRREA does not prohibit a party from correcting the defective removal attempted to a Court. RTC merely cured its original mistake of removing this action to the United States District Court for the District of Minnesota by removing this case to this Court. Judge Devitt did not hold that *any* removal was improper—instead, he held merely that removal was improper to the federal court in Minnesota. Thus, there is no law of the case which serves to bar this removal.

this case is particularly harsh given the interruption of the state court proceedings in mid-trial, the Court nonetheless is bound to follow the language of the statute.

■ Mr. Piekarsi argues that this Court should grant his motion to remand based on principles of abstention and judicial economy, since half of the trial has already been completed. The Court is sympathetic to his arguments. Unfortunately, it is not the law. The Court reads FIRREA's removal provision as giving the RTC the absolute right to remove to federal court, subject to the time limitations imposed in the statute. This Court cannot remand a case properly removed to it for discretionary reasons not authorized by the controlling statute. *Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 345 n. 9, 96 S.Ct. 584, 590 n. 9, 46 L.Ed.2d 542 (1976). Nothing in FIRREA authorizes remand for the reasons of judicial economy or abstention. Plaintiff relies on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), which held that there may be exceptional circumstances in which a federal court should abstain when there are concurrent proceedings pending in a state judicial forum. However, *Colorado River* is inapplicable. There is no concurrent state proceeding to which this Court can defer in the instant case. Instead, there is *one* case, which originally was in state court, but now has been properly removed to federal court.

Thus, the Court will deny plaintiff's motion to remand this case to the District Court of Otter Tail.

### RTC's MOTION TO TRANSFER

In its opposition to the plaintiff's motion to remand, RTC suggested that this case be transferred to the United States District Court for Minnesota, pursuant to 28 U.S.C. § 1404(a). *See* RTC's Opposition to Plaintiff's Motion to Remand at 16. At oral argument, the Court requested further briefing on the legal basis for such a transfer. The RTC filed a Memorandum in Support of Transfer, which the Court shall treat as a motion to transfer pursuant to 28 U.S.C. § 1404(a). The plaintiff opposes the transfer.

■ 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

By its terms, 28 U.S.C. § 1404(a) applies to "any civil action." *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3843 at 323. The fact that the RTC removed the case from state court to this court does not bar the RTC from seeking to have this case transferred to another district. Once the action has been removed to federal court, it should proceed as if it had been brought in federal court originally. *Id.* *See also Chicago, R.I. & P.R. Co. v. Igoe*, 212 F.2d 378, 382 (7th Cir.1954) (and cases cited therein). Thus, the prior ruling in this case that it was improper for RTC to *remove* to the federal court in Minnesota from the state court in Otter Tail County, does not prohibit either a motion to transfer, or a ruling to transfer this case to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1404(a) at this juncture.

■ The crucial question for the Court is whether or not the federal court in Minnesota is a district where this action "might have been brought." The Supreme Court construed this language of 28 U.S.C. § 1404(a) in *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). In *Hoffman*, the Supreme Court reviewed two cases in which defendants had moved for a transfer under § 1404(a) to a district in which plaintiff was unable to serve the defendants with process without the defendants' consent. The defendants each stipulated to waiving all objections to venue, and submitted to jurisdiction. The Supreme Court held that the power to transfer under § 1404(a) does not depend "upon the wish of the defendant," and that the phrase "where it might have been brought" cannot be interpreted to mean "where it may now be rebrought, with defendants' consent." *Hoffman*, 363 U.S. at 342, 343, 80 S.Ct. at 1088–89, 1089.

■ Courts interpreting *Hoffman* have been particularly cognizant of the danger

the Supreme Court was seeking to avert—enabling a defendant vastly to increase the options for venue of a suit by merely consenting to a change of venue to a district in which it could not have been served at the time the plaintiff filed the suit. *Hoffman* has not been read so broadly as to impede Congressional policy designed to make access to the courts easier for plaintiffs, *see Pruess v. Udall*, 359 F.2d 615, 619 (D.C.Cir. 1966), or to require "following 'a maxim or a definition with relentless disregard of consequences to a dryly logical extreme.' " *In re Fine Paper Antitrust Litigation*, 685 F.2d 810 (3rd Cir.1982), *cert. denied*, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1003, *quoting Hynes v. New York Cent. R. Co.*, 231 N.Y. 229, 235, 131 N.E. 898, 900 (1921) (Cardozo, J.). Thus, changes in the parties to a suit have been considered relevant in deciding a motion to transfer, *see In re Fine Paper Antitrust Litigation*, 685 F.2d 810 (district court not required to confine its venue consideration to the facts as they existed at time of the complaint, since party who could have objected to venue was no longer a party to the suit), as have statutory changes, *see Pruess*, 359 F.2d 616 (action could not have been brought in Oregon when the action was filed because of lack of venue, but case could be transferred there since a statutory change subsequent to the bringing of the suit allowed venue in Oregon.). The Court cannot blindly consider the case as it was at the time it was filed in reaching its decision, without considering the dismissal or substitution of parties or the effect of statutory changes.

In this case, the Supreme Court's concern in *Hoffman* is not presented. This is not a situation in which RTC was named as an original defendant by the plaintiff, nor is it the case that the plaintiff, absent RTC's consent, would be unable to serve the RTC with process in the district of Minnesota. Instead, when RTC became the Conservator for Home–Owners, RTC was substituted as a party by power of statute. Had RTC been named as a defendant at the commencement of the suit, the suit "might have been brought" in Minnesota. The federal court in Minnesota has jurisdiction over the action pursuant to 12 U.S.C. § 1441a(*l*)(1), and venue would be proper in Minnesota, pursuant to 28 U.S.C. § 1391(b), since the cause of action arose in Minnesota. RTC can be served with process in the district of Minnesota and the party for which RTC was substituted was capable of being served with process in Minnesota. Thus, the United States District Court for the District of Minnesota is a district where this action "might have been brought" within the meaning of 28 U.S.C. § 1404(a).

Judge Devitt's ruling that the district of Minnesota was not a district to which the case could be *removed* under FIRREA does not preclude this Court's finding that a *transfer* to the district of Minnesota is appropriate pursuant to 28 U.S.C. § 1404(a).

Plaintiff argues that the statute specifically identifies the District of Columbia federal court as a court Congress desired to develop expertise on the savings and loan crisis that has emerged in the past several years. However, the Court can think of no expertise it would need to employ or would gain in resolving what remains open in the damages phase of this wrongful termination case brought exclusively under Minnesota law.

The facts of this case are particularly compelling and support a transfer for the convenience of the parties and witnesses and in the interests of justice. Half of the trial is already completed. The trial on liability was conducted in Minnesota, and the case is a run-of-the mill wrongful employment termination action brought under Minnesota state law.[6] All of the primary parties are located in Minnesota. All the witnesses are located in Minnesota. All of the wrongful employment actions took

---

**6.** The Court wonders whether Congress realized the extent to which its broad language would force suits out of state court into the federal courts. Were it not for the broad removal language in FIRREA, the Court would see no reason to interrupt an on-going state proceeding to grant the RTC the "benefit" of a federal forum. The Court can see no potential for abuse by allowing RTC to defend such an action in state court.

**44**

place in Minnesota. In fact, the Court can think of no reason to keep this case here.

The Court holds that while this action could not be removed to the federal court in Minnesota from a state court, it can be transferred there from the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a). The Court acknowledges that this is an exercise in legal gymnastics. However, the Court can see no other way to act on the intent of Congress, both with regard to FIRREA and the change of venue statute. Congress would be wise to revisit the FIRREA removal provisions to consider whether a federal forum is necessary in every case involving RTC (particularly those involving only issues of state law), and to consider whether parties such as those in this case will be forced to first remove to this court, and then present a motion for transfer to a forum more suited to complete the litigation.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to remand shall be denied, and defendants' motion to transfer to the United States District Court for the District of Minnesota shall be granted.