John D. **KIRBY**, Plaintiff,

v.

**MERCURY SAVINGS AND LOAN ASSOCIATION, et al.,** Defendants.

**Civ. A. No. 90–2297.**

United States District Court, District of Columbia.

Nov. 5, 1990.

503 (D.D.C.1990); *United Savings Bank v. Rose*, 752 F.Supp. 506 (D.D.C.1990).

The complaint was filed December 13, 1989, in the Superior Court for the State of California. Plaintiff, a San Diego, California resident, sued Mercury Savings and Loan Association of Huntington Beach, California and other California parties on a variety of counts concerning the sale of real property in San Diego County from Mercury to plaintiff.

On May 25, 1990, the Office of Thrift Supervision declared Mercury insolvent and appointed the RTC as receiver and as conservator for the newly-created Mercury Federal.

On September 17, 1990, RTC removed this action to this Court pursuant to FIRREA, 12 U.S.C. section 1441a($l$)(3), asserting that this Court has original jurisdiction pursuant to 12 U.S.C. section 1441a($l$)(1). Plaintiff claims that removal on this basis was not permitted by FIRREA.

Section 1441a($l$) of 12 U.S.C. states:

(1) Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the [RTC] is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit or proceeding.

(2) The [RTC] shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party with respect to institutions which are subject to the management agreement dated February 7, 1989, among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board, and the Federal Deposit Insurance Corporation.

(3) The [RTC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit or proceeding arises out of the actions of the [RTC] with respect to an institution for which a conservator or a receiver has been appointed, the United States district

John D. Kirby, Kirby and Laba, San Diego, Cal., pro se.

Robert P. Fletcher, Panos S. Midis, Hopkins & Sutter, Washington, D.C., Ross A. Epstein, Brobeck, Phleger & Harrison, San Diego, Cal., for Resolution Trust Corp., receiver for Mercury Sav. and Loan Ass'n.

## MEMORANDUM AND ORDER

GESELL, District Judge.

This is one of the many common law and statutory actions removed to this Court in recent months from various state courts across the country pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Plaintiff moves to remand the case to the state court where it was filed, and two of the defendants, including the federally-chartered Resolution Trust Corporation ("RTC"), oppose. The motion presents an issue litigated repeatedly by dozens of lawyers in this Court over the past six months. *See, e.g., Piekarski v. Home Owners Savings Bank*, 743 F.Supp. 38 (D.D.C.1990); *Asbury v. Germania Bank*, 752 F.Supp.

court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—

(A) not later than 90 days after the date [RTC] is substituted as a party, or

(B) not later than 30 days after the date suit is filed against [RTC], if such suit is filed after August 9, 1989.

Plaintiff argues that the phrase "any such action" in section 1441a($l$)(3) refers only to actions designated immediately above in section 1441a($l$)(2)—i.e. only those involving institutions subject to the referenced 1989 management agreement. The parties are in agreement that Mercury is not such an institution. Therefore, plaintiff argues, section 1441a($l$)(3) did not permit removal of this action.

■ However, it appears from a fair reading of the statute as a whole that the phrase "any such action," despite the arrangement of paragraphs, refers to those actions described in section 1441a($l$)(1), i.e. *any* case where the RTC is a party, rather than the subset of such cases described in section 1441a($l$)(2). Plaintiff suggests no reason why Congress would have limited RTC's removal rights under FIRREA to those cases where RTC's predecessor in interest, FSLIC, was a party prior to FIRREA's enactment. Moreover, section 1441a($l$)(3)(B) expressly contemplates removal by RTC of cases filed after the date FSLIC was replaced and therefore not covered by the 1989 management agreement.[1] The unfortunate arrangement of paragraphs is simply one of several indications

that FIRREA is a less than precisely worded statute.[2]

■ Accordingly, remand to state court is not permitted. However, the case may nevertheless be headed back to California, because the Court is inclined to transfer it *sua sponte* to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) states:

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

There can be no doubt that the first prong of section 1404(a) would be met by transfer to the California federal court. The papers show that this is a case involving California parties, California witnesses, California facts, and California law. It has virtually nothing to do with this jurisdiction. The convenience of the parties and the interests of justice compel transfer. Indeed, it borders on a violation of due process to compel litigants suing in local courts to prosecute their cases in this distant court.

The Court further concludes that transferring the instant action meets the other prong of 1404(a): The case "might have been brought" in the District of California. RTC is essentially a party to the present action. *See* footnote 2, *supra.* Accordingly, pursuant to section 1441a($l$)(1), the Southern District of California court would have jurisdiction. Moreover, venue would be proper in that court pursuant to 28 U.S.C. § 1391(b), because the claim arose there.[3]

---

1. Contrary to plaintiff's assertion, the best interpretation of this provision is that it applies both to cases removed to the local federal court and to cases removed to this court.

2. Plaintiff's reply brief advances another argument: that removal was improper because, RTC having failed to formally substitute itself as a party, the requirements of 1441a($l$)(1) and (3) have not been met. In this instance, a motion to substitute RTC as a party apparently was denied by the California state court *after* the case had been removed to this Court. Plaintiff did not contest in state court that RTC had a right to be named as a defendant; plaintiff's

argument was that Mercury should remain an additional defendant. There is no doubt that RTC had the right to become a party to this action. *See* 12 U.S.C. §§ 1441a($l$), 1821(d)(2)(A)(i). The Court will not remand for failure to formally do so prior to removal; that would elevate form over substance and waste additional time and resources beyond that already expended by the confusing requirements of FIRREA.

3. The Court notes that, due again perhaps to unfortunate drafting, the FIRREA removal provision, section 1441a($l$)(3), *supra,* appears to mandate that some cases that could appropriate-

There is no indication that Congress intended by enacting the removal provision of FIRREA to bring in every sort of local case to this Court, no matter how significant or insignificant or no matter how intertwined with local affairs and local law. Counsel for RTC has argued in other removed cases before this Court that Congress envisioned that this Court would develop special expertise in RTC cases, but Congress could not conceivably have envisioned that the trial judges here would become expert in the laws of all 50 states and territories. The only specialized knowledge developed to date has related to parsing of the removal provisions themselves, made more difficult by the fact that RTC does not speak with a single voice on this matter but delegates it to an array of private counsel who advance a range of differing arguments against transfer and/or remand.

■ The Court has authority to act *sua sponte* to transfer a case to another federal district court pursuant to 1404(a). *Starnes v. McGuire*, 512 F.2d 918 (D.C.Cir.1974). The Court will enter an Order denying the motion to remand but directing that this case be transferred to the United States District Court for the Southern District of California unless one or more of the parties shows cause in writing within 14 calendar days of the date of this Order why the Court should not so act.

SO ORDERED.

ly be *transferred* by this Court to other federal courts pursuant to 28 U.S.C. section 1404(a) and 12 U.S.C. section 1441(*l*)(1) could have been *removed* from state courts only to this Court and not to local federal courts in the first instance. Thus the statute appears in some cases to require, as will be the case here, removal to this Court first, followed by transfer to a federal court in the state of origin. *See Piekarski v. Home Owners Savings Bank, supra.*