**Rhetta B. SWEENEY, Individually and as Trustee of the Maple Leaf Realty Trust and of the Canadian Realty Trust, and John Sweeney, Plaintiffs,**

v.

**RESOLUTION TRUST CORPORATION, in its capacity as Conservator of Comfed Savings Bank, Comfed Mortgage Company, Inc., Comfed Advisory Company, Inc., and Dennis Furey, Defendants.**

**Civ. A. No. 91–10098–H.**

United States District Court,
D. Massachusetts.

June 7, 1991.

---

**34**

Robert M. Axelrod and Dennis C. Lanzoni, Axelrod, Lanzoni & Teague, Meriden, Conn., Christopher Weld, Jr., Boston, Mass., for plaintiffs.

John D. Hanify, David Lee Evans and Kara M. Lucciola, Hanify & King, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Plaintiffs filed this action against ComFed Savings Bank and its affiliates (collectively "ComFed"), as well as an individual loan officer, asserting various lender liability claims. The case was originally filed in Middlesex Superior Court on April 14, 1989. On December 13, 1990, the Office of Thrift Supervision appointed the Resolution Trust Corporation ("RTC") as Conservator of ComFed. Pursuant to the provisions of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1441a, the RTC was substituted as the party in interest in this action. The RTC then removed this action, pursuant to FIRREA, 12 U.S.C. § 1441a($l$), to the United States District Court for the District of Massachusetts on January 11, 1991. *See* Finding, dated May 30, 1991.

The case is now before this Court on Plaintiffs' Motion to Remand the action back to the Middlesex Superior Court. Plaintiffs contend that FIRREA permits removal only to the United States District Court for the District of Columbia. Thus, plaintiffs argue, removal was improperly effectuated and this Court lacks subject matter jurisdiction to hear the case. Defendants respond that this Court does have jurisdiction to hear the case and that the motion to remand should be denied because plaintiffs failed to interpose a timely objection to the removal.

After a review of all the documents filed in this case, and after a hearing, the Court rules as follows:

1. FIRREA provides that any action to which the RTC is a party "shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction" over such an action. 12 U.S.C. § 1441a($l$)(1). The clear language of the statute, therefore, establishes that this case falls within the ambit of federal question jurisdiction and, as such, this Court is empowered to hear it. *See, e.g., Garland Independent School District v. Phenix Woods, Inc., et al.,* 1991 U.S. Dist. LEXIS 1181 at 4, —— F.Supp. ——, —— (D.D.C.1991) (stating that insolvency of defendant institution "created ipso facto federal question jurisdiction pursuant to FIRREA"); *Kirby v. Mercury Savings & Loan Ass'n,* 755 F.Supp. 445, 447 (D.D.C.1990) (noting that case "might have been brought" in the District of California pursuant to Section 1441a($l$)(1)); *Piekarski v. Home Owners*

*Savings Bank*, 743 F.Supp. 38, 43 (D.D.C. 1990) (noting that federal court in Minnesota had jurisdiction over action pursuant to Section 1441a(*l*)(1)).

2. Though Congress conferred broad power upon the federal courts to adjudicate matters concerning the RTC, Congress apparently sought to limit the number of courts that would actually exercise that power. In particular, FIRREA directs the RTC to remove all cases, other than those which arise out of the conduct of the RTC itself, to the district court for the District of Columbia. 12 U.S.C. § 1441a(*l*)(3). Therefore, though all federal courts have *jurisdiction* to hear such cases, *venue* is proper, under Section 1441a(*l*)(3), *see Security Homestead Association v. Eitmann*, 1990 WL 124881 at 4, 1990 U.S.Dist. LEXIS 11053 at 9–11 (E.D. La.1990) (finding that Section 1441a(*l*)(3) addresses the question of venue), only in the District of Columbia.

In this case, then, even though the RTC had an absolute right to remove this case to a federal forum, it should have done so by removing the case to the District of Columbia rather than to this Court. The District of Columbia could have then transferred the case back to this district, if the interests of justice so required. *See, e.g., Kirby*, 755 F.Supp. at 448 (transferring case to local federal district court); *United Savings Bank v. Rose*, 752 F.Supp. 506, 508 (D.D.C.1990) (same); *Piekarski*, 743 F.Supp. at 43–44 (same).

3. Nevertheless, a defect in venue will not support plaintiffs' motion for remand in this case. Indeed, venue may be waived by a party who fails to interpose a timely objection. 28 U.S.C. § 1406(b); *Panhandle Eastern Pipe Line Co. v. Federal Power Commission*, 324 U.S. 635, 639, 65 S.Ct. 821, 823, 89 L.Ed. 1241 (1944). Here, defendants filed a notice of removal in this case on January 11, 1991. Plaintiffs failed to raise any objection to the removal until March 1, 1991, more than thirty days after notice was filed. Plaintiffs objection, therefore, was untimely. 28 U.S.C. § 1447(c) (requiring that motion to remand on the basis of any defect in removal be filed within thirty days after the filing of the notice of removal). As such, this Court finds that plaintiffs have waived any objection to venue, and plaintiffs' motion to remand must be denied.

SO ORDERED.