**Charles GREGORY, Plaintiff,**

v.

**RESOLUTION TRUST CORP. as receiver for Sunbelt Savings, FSB, and Lion Service Corp., Defendants.**

**Civ. A. No. 91–1251.**

United States District Court, District of Columbia.

July 24, 1991.

Michael A. Chovanec Chovanec & Johnson, Inc., San Antonio, Tex., for plaintiff.

Stephen P. Allison, H.L. Buddy Socks, Haynes & Boone, San Antonio, Tex., for defendant Resolution Trust Corp.

Richard D. Anigian, Phillip S. Rogers, Haynes & Boone, Dallas, Tex., for defendant Lion Service Corp.

## MEMORANDUM

JUNE L. GREEN, District Judge.

This matter comes before the Court having been removed from the 285th Judicial District Court of Bexar County, Texas, pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Title 12 U.S.C. Section 1441a($l$)(3)(A) permits removal of any civil action to the United States District Court for the District of Columbia where the Resolution Trust Corporation ("RTC") has been substituted as a party in a pending state action.

This case involves a contract for the purchase of real estate located in Bexar County, Texas. The original parties are all Texas residents—plaintiff of Bexar County, Texas, and both defendants of Dallas County, Texas. The decision will be governed by Texas real estate and contract law. The only connection this suit has to the District of Columbia is its removal to this court.

Were the RTC a party to this action from its inception, there is no doubt that the case could have been brought originally in the United States District Court for Texas. *See* 12 U.S.C. Sec. 1441a($l$)(1) (United States district courts shall have original jurisdiction over any suit to which the RTC is a party). Venue would be proper in the Western District, where the cause of action arose, or the Northern District, where the defendants reside. *See* 28 U.S.C. Sec. 1391(b); *Piekarski v. Home Owners Sav. Bank,* 743 F.Supp. 38, 42–3 (D.D.C.1990).

However, where the RTC is substituted as a party in a previously-filed state action, the literal language of FIRREA's removal provision permits removal only to the District of Columbia. *See* 12 U.S.C. Sec. 1441a(*l*)(3)(A); *Kirby v. Mercury Sav. and Loan Ass'n*, 755 F.Supp. 445, 447 n. 3 (D.D.C.1990).

Although removal to this district in the first instance was proper under the terms of FIRREA, FIRREA must be read in conjunction with federal law regarding the proper venue of civil actions. Federal law permits the Court to transfer any civil action to another district where it might have been brought, if such a transfer serves the convenience of the parties and witnesses and is in the interest of justice. 28 U.S.C. Sec. 1404(a). This is such a case. The underlying dispute involves parties, witnesses and state law with absolutely no relation to the District of Columbia. Neither fairness nor the orderly administration of justice are served by requiring the parties to litigate a dispute governed by Texas state law and involving Texas residents in this distant forum. *See Kirby*, 755 F.Supp. at 447.

For these reasons, the Court will enter an order that, unless the parties show cause in writing within 14 calendar days of this order why the Court should not do so, the Court shall transfer this case to the Western District of Texas, San Antonio Division. This is the jurisdiction where the dispute arose and where the plaintiff and other witnesses reside. The Court finds that the convenience of the parties and witnesses and the interests of justice are best served by such a transfer.