958 F.2d 295
 60 USLW 2589
 HELLON & ASSOCIATES, INC., an Arizona corporation, Plaintiff-Appellee,
v.
PHOENIX RESORT CORPORATION, a Delaware corporation, Defendant,
and
Resolution Trust Corporation, in its capacity as federal
conservator for former defendant, Lincoln Savings and Loan
Association; Resolution Trust Corporation, Federal Receiver
for Lincoln Savings and Loan Association, Defendants-Appellants.
 No. 90-16846.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 12, 1992.
Decided March 5, 1992.
 
 Daniel H. Kurtenbach, Office of General Counsel, Resolution Trust Corp., Washington, D.C., and David L. Abney, Stephen B. White and Mark A. Nadeau, Morrison, Hecker, Curtis, Kuder & Parrish, Phoenix, Ariz., for defendants-appellants.
 Paul D. Julien and Sharmila Roy, Tucson, Ariz., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 FERNANDEZ, Circuit Judge:
 
 
 1
 The Resolution Trust Corporation (RTC), in its capacity as the receiver for Lincoln Savings & Loan Association (Lincoln) sought to remove this action to the United States District Court for the District of Arizona. It based its notice of removal on the general removal provision, 28 U.S.C. § 1441(a), and on the special RTC removal provision, 12 U.S.C. § 1441a(l )(3). The district court found that removal was improper under each section and remanded the case to the Maricopa County Superior Court.[1] We reverse as to the section 1441(a) determination and vacate the order of remand.
 
 BACKGROUND
 
 2
 This is a contest over removal procedures, and the real dispute between the parties is of no significant importance to the resolution of the issues we now face. Thus, we will touch upon the background facts very lightly. Simply put, Hellon & Associates, Inc. (Hellon) asserts that it had a contract with the predecessor of Lincoln. According to Hellon, it was to attempt to reduce certain secured state personal property taxes; it did so, but the predecessor breached that contract. Hellon filed this action against the predecessor in the Maricopa County Superior Court in Arizona. By that time the predecessor was under federal receivership. In a metamorphosis that is common in this area, Lincoln arose from the ashes of its predecessor and RTC ultimately became Lincoln's receiver.[2] RTC then sought to remove this action to the United States District Court.[3] It was rebuffed on two bases. The district court determined that RTC cannot use the general removal provisions of 28 U.S.C. § 1441(a), and that if it sought to use the specific provisions of 12 U.S.C. § 1441a(l )(3) it could not remove the case to the district court in Arizona, but was required to remove it to the United States District Court for the District of Columbia. We disagree with the former interpretation and need not decide the latter.
 
 
 3
 STANDARD OF REVIEW; GENERAL PRINCIPLES OF STATUTORY CONSTRUCTION
 
 
 4
 This case presents a question of statutory construction. That is a question of law which we review de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Moreover, removal of cases from the state courts to the federal court raise questions of federal subject matter jurisdiction which we review de novo. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir.1988).
 
 
 5
 Certain general principles of statutory construction also directly impact our decision of this case, both as to appellate jurisdiction and as to resolution of the removal issues.
 
 
 6
 First, if the statutory language is clear, we need look no further than that language itself in determining the meaning of the statute. See Sullivan v. Stroop, 496 U.S. 478, 110 S.Ct. 2499, 2502-03, 110 L.Ed.2d 438 (1990); United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Certainly that is true if there is no " 'clearly expressed congressional intention to the contrary.' " Noriega-Sandoval v. INS, 911 F.2d 258, 260 (9th Cir.1990) (citation omitted). Second, to the extent that statutes can be harmonized, they should be, but in case of an irreconcilable inconsistency between them the later and more specific statute usually controls the earlier and more general one. Chevron U.S.A., Inc. v. Hammond, 726 F.2d 483, 490 n. 8 (9th Cir.1984), cert. denied, 471 U.S. 1140, 105 S.Ct. 2686, 86 L.Ed.2d 703 (1985). Finally, " 'Congress must be presumed to have known of its former legislation ... and to have passed ... new laws in view of the provisions of the legislation already enacted.' " Owner-Operators Indep. Drivers Ass'n of Am., Inc. v. Skinner, 931 F.2d 582, 586 (9th Cir.1991) (citation omitted).
 
 JURISDICTION
 
 7
 The district court essentially determined that this case had been improvidently removed and that the court lacked jurisdiction. The general rule is that we lack jurisdiction to review that type of district court order. Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986). That is compelled by 28 U.S.C. § 1447(d), but it even applies when the actual removal statute is a specific provision that appears in a title other than Title 28. See FSLIC v. Frumenti Dev. Corp., 857 F.2d 665, 669-71 (9th Cir.1988).
 
 
 8
 The general rule does not apply in this case. In Frumenti we noted that when it came to the area of the law that this case deals with, the general rule did not work well but that Congress would have to provide for the solution. Congress has done just that. In section 1441a(l )(3) Congress stated: "The Corporation [RTC] may appeal any order of remand entered by a United States district court." This specific provision was enacted for the purpose of having removal decisions in this exceedingly important class of cases subjected to appellate review. Since a specific provision must control a more general one, it seems pellucid that 28 U.S.C. § 1447(d) does not affect our jurisdiction.
 
 
 9
 However, Hellon asserts that because the quoted provision appears in section 1441a(l )(3), it can only apply to the removal provisions of that section. We disagree. Had Congress intended to limit the grant of appellate jurisdiction to those provisions alone it could easily have said so. In adopting the language in question Congress was well aware of the contrary provisions of section 1447(d) and still used the expansive language "any order of remand...." See In re RTC, 888 F.2d 57, 59 (8th Cir.1989) (the section even applies to cases previously removed by FSLIC because that carries out congressional intent to expand federal power in this area), appeal dismissed as moot, 901 F.2d 694 (8th Cir.1990).
 
 
 10
 Thus, what seems pellucid is. We do have jurisdiction to consider this appeal from both prongs of the district court's remand order.
 
 DISCUSSION
 
 11
 A. Removal Under 28 U.S.C. § 1441(a).
 
 
 12
 Hellon asserts, and the district court found, that RTC cannot remove cases pursuant to section 1441(a) because Congress adopted the specific provisions of section 1441a(l )(3). We disagree.
 
 
 13
 Nothing in the statutory language provides that RTC is limited to the specific removal provision found in section 1441a(l )(3). Indeed, the language is, if anything, to the contrary.
 
 Section 1441(a) provides:
 
 14
 Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (emphasis added)
 
 
 15
 In this case, there can be no doubt that the district courts of the United States do have original jurisdiction. That is provided for in 12 U.S.C. § 1441a(l )(1). Given that, one looks in vain for any provision of law that "expressly" takes the power of removal under section 1441(a) away from RTC. Congress, of course, was well aware of the existence of section 1441(a) and that section's requirement that it be applied in the absence of an express exception. Not only do principles of legislative construction tell us that, Owner-Operators, 931 F.2d at 586, but also it is underscored by the very fact that Congress was dealing with jurisdiction and removal questions when it adopted section 1441a(l ).
 
 
 16
 Therefore, we agree with the Seventh Circuit which addressed this very question in RTC v. Lightfoot, 938 F.2d 65 (7th Cir.1991). As that court said:
 
 
 17
 FIRREA does not prohibit RTC from removing cases to the district where the state court suit was pending; it simply provides that RTC may remove to the District of Columbia or the district where the institution's principal business is located. 12 U.S.C. § 1441a(l )(3). If Congress intended FIRREA to provide the exclusive venue for removal, it did not say so, and we will not presume that it wished to repeal an existing statutory removal provision sub silentio.
 
 
 18
 Id. at 67. The same position has been adopted by a number of other courts. See RTC v. Sloan, 775 F.Supp. 326, 330-32 (E.D.Ark.1991); RTC v. Filippone, 745 F.Supp. 404, 406 (E.D.Tex.1990); FDIC v. Taylor, 727 F.Supp. 326, 328 (S.D.Tex.1989).
 
 
 19
 The district court, on the other hand, relied upon two cases which suggested that section 1441(a) was not relevant to the removal determination. Hellon I, 755 F.Supp. at 283. However, in those cases RTC did not seek removal pursuant to 1441(a) so the comments by those courts were either dictum, or a simple acknowledgment that the section would not be considered when not relied upon. RTC v. Key, 733 F.Supp. 1086, 1090, (N.D.Tex.1990); FSLIC v. Westgate Partners, Ltd., 726 F.Supp. 807, 809 (D.Colo.1989), aff'd on other grounds, 937 F.2d 526 (10th Cir.1991). To the extent that those cases can be read to support the proposition that section 1441a(l ) is the exclusive removal provision available to RTC, we do not accept that inference. As we have already stated, that reading cannot be sustained in the face of the statutory language.
 
 
 20
 Rather, section 1441a(l )(3) gives RTC greater removal authority than that available to others and takes no authority away. That is consistent with Congress' overall reaction to the savings and loan crisis the country faced when FIRREA was adopted. Thus, we reverse the district court's determination to the contrary.
 
 
 21
 B. Removal Under 12 U.S.C. § 1441a(l)(3).
 
 
 22
 RTC claimed that it was also entitled to remove this case to the district court in Arizona pursuant to 12 U.S.C. § 1441a(l )(3). The district court found that to be incorrect, Hellon I, 755 F.Supp. at 283-84, as have other courts. See RTC v. Westgate Partners, Ltd., 937 F.2d 526, 528-31 (10th Cir.1991) (the statute clearly provides that removal must be to the District of Columbia, and that does not lead to an absurd result); RTC v. Sloan, 775 F.Supp. at 332 (under the section 1441a(l )(3) removal provision, the District of Columbia is the court to which the case must be removed); Kirby v. Mercury Sav. & Loan Ass'n, 755 F.Supp. 445, 447 (D.D.C.1990) (removal to District of Columbia court is proper); Piekarski v. Home Owners Sav. Bank, 743 F.Supp. 38, 41 (D.D.C.1990) (the statute requires that a case in which RTC was substituted as a party could be removed to the District of Columbia only).
 
 
 23
 RTC grumbled that requiring removal to the District Court for the District of Columbia when the case was really local in nature would result in numerous motions for change of venue back to a more appropriate place. As it pointed out, that was precisely what was occurring. See, e.g., Gregory v. RTC, 771 F.Supp. 459, 460 (D.D.C.1991); Kirby, 755 F.Supp. at 448; United Sav. Bank v. Rose, 752 F.Supp. 506, 508 (D.D.C.1990).
 
 
 24
 While Congress may have intended to at least let the District Court for the District of Columbia have the first opportunity to review these types of cases, even if that court then decided that transfer of venue would be appropriate, that court, like the RTC, saw that as an unnecessary "exercise in legal gymnastics." Piekarski, 743 F.Supp. at 44. Perhaps it was. At any rate, to the extent that gymnastic regimen existed, Congress has now abolished it by amending 1441a(l)(3) to allow removal to the district court for the place where the action is pending. See Resolution Trust Corporation Refinancing, Restructuring and Improvement Act of 1991, § 316, Pub.L. No. 102-233, 105 Stat. 1761, 1772 (1991).
 
 
 25
 Because of our holding that removal was proper under section 1441(a), we need not, and do not, decide whether the district court's ruling regarding 1441a(l )(3) was correct or whether the new amendments should be applied retroactively.[4]
 
 
 26
 C. Attorneys Fees.
 
 
 27
 RTC seeks attorneys fees pursuant to Arizona Revised Statute § 12-341.01 (1976). That statute provides for an award of fees to a successful party in a contested action arising out of a contract. However, since at this preliminary stage of the proceedings the action is far from concluded, an award of fees at this time would be premature. See U.S. Insulation, Inc. v. Hilro Constr. Co., Inc., 146 Ariz. 250, 705 P.2d 490, 499 (App.1985) (successful party means ultimate prevailing party); AMFAC Distribution Corp. v. J.B. Contractors, Inc., 146 Ariz. 19, 703 P.2d 566, 574 (App.1985) (when case remanded to trial court, award awaits final decision). We, therefore, deny the request without prejudice to its renewal in the district court at the conclusion of the proceedings.
 
 CONCLUSION
 
 28
 We conclude that RTC can remove cases to a local district court by using the provisions of section 1441(a). It properly did so in this case. Therefore, we reverse the district court's decision regarding section 1441(a). The order remanding this case to the Maricopa County Superior Court is VACATED, and this case is REMANDED to the district court for further proceedings. The parties shall bear their own costs on appeal.
 
 
 
 [1]
 Hellon & Assocs., Inc. v. Phoenix Resort Corp., 755 F.Supp. 280 (D.Ariz.1990). (Hellon I)
 
 
 [2]
 The Federal Savings and Loan Insurance Corporation had been receiver for the predecessor and conservator for Lincoln, but RTC succeeded to its position when the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101-73, 103 Stats. 183 (1989) went into effect
 
 
 [3]
 RTC also sought to be substituted in place of Lincoln and that substitution was granted. The substitution order has not been appealed. Therefore, it is not before us
 
 
 [4]
 RTC argues that 12 U.S.C. § 1819(b)(2)(B) also permits removal. The district court did not rule on this claim, and in light of our decision regarding section 1441(a) we will not do so either