26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Soo Ja OH, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, dba Great American Savings and
Loan Association, F.A., Defendant-Appellee.
 No. 92-16760.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided June 9, 1994.
 
 Before: FERGUSON, NOONAN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Soo Ja Oh appeals the district court's decision granting summary judgment in favor of defendant Resolution Trust Corporation ("RTC"), dba Great American Savings and Loan Association, F.A. ("Great American"). The district court rejected Oh's claims for specific performance or rescission of a written real estate agreement and held that Oh must forfeit to RTC her $200,000 deposit as liquidated damages. It awarded attorney's fees to RTC and declined to impose Rule 11 sanctions on Oh. We affirm.
 
 A. Removal Under 28 U.S.C. Sec. 1441
 
 3
 The RTC may rely on Sec. 1441 because it is Great American's successor-in-interest, see McCarthy Western Constr. v. Phoenix Resort Corp., 951 F.2d 1137, 1143 (9th Cir.1991), even though Congress created a removal statute under the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. Sec. 1441a(1), expressly applicable to RTC, Hellon & Associates, Inc. v. Phoenix Resort Corp., 958 F.2d 295, 299 (9th Cir.1992). Thus, the district court had removal jurisdiction over this case.
 
 B. Propriety of Summary Judgment
 
 4
 We affirm the district court's grant of summary judgment under both of its asserted theories. First, the summary judgment is correct as a matter of law under 12 U.S.C. Sec. 1823(e), which governs suits against RTC, because Oh does not address the threshold requirements of 12 U.S.C. Sec. 1823(e) and has presented no evidence which would satisfy its terms. Second, Oh fails to submit evidence which, viewed in the light most favorable to her, creates a genuine issue of material fact to overcome the summary judgment.
 
 1. Choice of Law
 
 5
 The district court's application of California law to this case is reviewed de novo. Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 641 (9th Cir.1988).
 
 
 6
 Federal law generally applies to actions to which RTC is a party. See, e.g., Home Sav. Bank, F.S.B. v. Gillam, 952 F.2d 1152, 1162 (9th Cir.1991). However, where there is no settled federal common law, the court "will formulate a federal law that supersedes state law only when it relates to federal programs and actions where the desirability of a uniform rule is plain." American Int'l Enterprises, Inc. v. F.D.I.C., 3 F.3d 1263, 1268 (9th Cir.1993) (internal quotations omitted).
 
 
 7
 In determining whether to adopt state law or to fashion a nationwide federal rule, this court applies the three-part test enunciated in United States v. Kimbell Foods, 440 U.S. 715, 728-29 (1979): "(1) whether the issue requires a nationally uniform body of law; (2) whether application of state law would frustrate specific objectives of the federal programs; and (3) whether application of a federal rule would disrupt commercial relationships predicated on state law." American Int'l Enterprises at 1268 (internal quotations omitted).
 
 2. Application of the Kimbell Foods Test
 
 8
 In American International Enterprises, this court concluded that the district court properly applied the California Statute of Frauds to an alleged oral agreement between the Federal Savings and Loan Insurance Corporation and a licensed California broker for a brokerage commission arising from a sale of real property located in California to a California buyer. 3 F.3d 1263, 1269.
 
 
 9
 We conclude that the same policy concerns that mandated the application of state law in American International Enterprises are present in this case. Thus, the district court properly applied California law in rejecting Oh's claims for specific performance, rescission, and damages.
 
 3. Specific Performance Remedy
 
 10
 The district court held that because Oh was unable to establish that she either substantially performed or that she could assure future performance of the purchase agreement, she was not entitled to specific performance of the contract.
 
 
 11
 Under California law, a party is not entitled to specific performance if she:
 
 
 12
 has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party, except where his failure to perform is only partial, and either entirely immaterial, or capable of being fully compensated, in which case specific performance may be compelled, upon full compensation being made for the default.
 
 
 13
 West's Ann.Civ.Code Sec. 3392 (1994).
 
 
 14
 In this case, Oh has not submitted any evidence which, viewed in the light most favorable to her, shows that (1) she has substantially performed, or (2) that she can substantially perform in the future.
 
 
 15
 Oh has made only conclusory allegations that she is "ready and willing" to complete the sale. These unsubstantiated assertions are contradicted by her past conduct. She has postponed the closing date at least three times and has rejected defendant's settlement offer of a quitclaim deed for a lower-than-originally-bargained-for price. Thus, the district court correctly concluded that Oh was not entitled to specific performance of the contract.
 
 4. Damages or Rescission Remedy
 
 16
 The district court also concluded that Oh was not "entitled to damages or rescission based on an alleged duty to disclose unambiguously absent from the purchase agreement." We agree.
 
 
 17
 Under the unambiguous terms of the agreement, Great American did not have any duty to inform. Even if there was an oral, "secret," or otherwise collateral, agreement not put in writing between Oh and Great American which imposed such a duty, Oh may not hold RTC to the duty. See generally D'Oench, Duhme & Co. v. F.D.I.C., 315 U.S. 447 (1942).
 
 
 18
 Furthermore, appellee RTC is correct in its assertion that the D'Oench doctrine applies to affirmative claims and counterclaims, as well as defenses. F.D.I.C. v. Byrne, 736 F.Supp. 727, 731 (N.D.Tex.1990) (affirmative claims); F.S.L.I.C. v. Gemini Management, 921 F.2d 241, 244-45 (9th Cir.1990) (counterclaims).
 
 
 19
 Finally, even if RTC had such a duty, the district court did not clearly err in finding that Oh in fact received the documents in question. This finding is supported by a December 8, 1989 letter addressed to and acknowledged by Oh's husband on the same day, in which the Mountain South Corporation furnished Mr. Oh with eighteen exhibits, "all of [the] documents, reports, studies, etc." that it had on file for the property, including, inter alia, a "Draft Environmental Impact Report" and "Soil and Geologic Input for EIR # 2."
 
 C. Attorney's Fees
 
 20
 The contract provides that "[i]n the event any litigation or other legal proceedings are instituted to enforce or declare the meaning of any provision of this Contract, the prevailing party shall be entitled to its costs, including reasonable attorneys fees."
 
 
 21
 The district court determined that RTC was the "prevailing party" such that it was entitled to reasonable attorneys fees in its December 2, 1992 order. Because Oh's appeal lacks merit, RTC is still the prevailing party. We affirm the district court's award of attorney's fees to RTC.
 
 D. Rule 11 Sanctions
 
 22
 RTC urges the panel to impose Rule 11 sanctions against Oh. The district court declined to impose sanctions, even though it found that Oh's conduct deserved such sanctions, because Oh had already forfeited $200,000.
 
 
 23
 The record demonstrates that although Oh brought a baseless action, she did so in earnest and without bad intention, and without a good understanding of either the English language or the American legal system. We conclude that the district court did not abuse its discretion in making its Rule 11 determination. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 E. Conclusion
 
 24
 The district court's judgment is AFFIRMED.
 
 
 
 *
 This case is suitable for submission without oral argument because the legal standards are established and the result is clear. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3